## HALL v. SMITH.

Those entitled in remainder to a legacy given to the testator's wife for life, upon her waiver of the provisions of the will, take immediately.

The entire legacy given to a class is taken by the individuals of the class who survive the testator.

A legacy to pay the funeral expenses of a testator's wife will lapse upon her waiver of the provisions of the will; so will a legacy to pay the funeral expenses of one who dies in the testator's lifetime.

A will and codicil are to be construed together as one instrument.

When the assets are insufficient to satisfy all the bequests, the deficiency must be borne ratably by the legacies which are not specific.

BILL IN EQUITY, for instructions to an executor. W. H. Smith, deceased, by his will, gave,—

*Third.* To his executor, in trust, $4,000, the income to be paid to his wife for life, then to his three sons, Charles W., Winthrop, and Albert W., for their lives and the life of the survivor, then the $4,000 to his legal heirs then living.

*Fourth.* To his executor, in trust, his homestead real estate, to be occupied in four tenements,—one by his wife, and one by each of his three sons,—and if not occupied by them, the net income from rents to be paid to them and the survivor of them for life, and at his or her death this real estate to the testator's next of kin, in equal shares, in fee.

*Fifth.* To his executor, $400, for the funeral expenses of his wife and three sons, $100 to each, if he deems that necessary.

*Sixth.* To his executor, $500, for his personal services and expenses as executor and trustee, the balance, if any, to his sons as they may need.

*Seventh.* Residue to his wife, sons, brothers, and sisters surviving at his death, in equal shares.

*Codicil.* Revokes the residuary clause, "and instead thereof," gives to his brother, Dudley Smith, $2,000, and the residue to his wife, sons, brothers, and sisters surviving at his death.

The son Albert W. died before the testator, without issue.

The testator's widow waived the provisions made for her in the will, and her dower and homestead, and, under the decision of the court made in a former transfer of this case, has taken one third of the estate, after payment of debts and expenses, and one third of the real estate in fee.   After deducting the widow's one third, the remainder of the estate is not sufficient to satisfy the legacy of $4,000, the items of $400 and $500, and the legacy of $2,000 given to Dudley in the codicil.

The plaintiff asks these questions:

1. Does the $4,000 legacy fail?

2. If not, shall that sum, or any part of it, and what part, be set up as a fund, the income to be paid to Charles W. and Winthrop during their lives and the life of the survivor, and at his death the principal be paid to the legal heirs of the testator then living?

3. If there shall be estate sufficient, shall the sums of $400 and $500, or some part thereof, be set apart for the purposes named by the testator, before Dudley can claim any part of his $2,000 legacy?

4. The estate being deficient by more than the amount of Dudley's legacy, can he take anything, and if so, what part?

5. Did the legacy to Albert lapse by his death before the testator, and if so, how does that affect the legacies given in items 4, 5, and 6 ?

6. How are the legacies in items 4, 5, and 6 affected by the widow's waiving of the will and taking one third of the estate?

7. Can the plaintiff pay to Charles W. and Winthrop and the survivor of them the income of the $4,000 during the lifetime of the widow?

*J. G. Hall,* for the plaintiff.

*Dudley Smith* (with whom was *Wallace Hackett*), for the defendants.

CARPENTER, J.   The legacy of $4,000 under the third clause does not fail by reason of the widow's waiver of the provisions of the will, but goes to the next in succession.   *Yeaton* v. *Roberts*, 28 N. H. 459; *Brown* v. *Brown*, 43 N. H. 17.   The two surviving sons take the income during their lives, and the survivor of them during his life.   It is given to the sons as a class, and the whole income is taken by those living at the time of the testator's death. *Campbell* v. *Rawdon*, 18 N. Y. 412.

Under the fourth clause, the widow having taken under the statute one third of the homestead, the surviving sons and the longest liver of them have the right to occupy the remaining two thirds; or, if not occupied by them, they are entitled to the net income thereof for life.

Inasmuch as the widow takes nothing under the will, and one of the sons died in the lifetime of the testator, the legacy given by the fifth clause is reduced to $200, which the executor takes in trust for the funeral expenses of the two surviving sons.   Whatever surplus may remain over $100 for each falls into the residuum of the estate.

A will and codicil are to be construed together as one instrument.   *Crosbie* v. *Macdoual*, 4 Ves. 610; *Westcott* v. *Cady*, 5 Johns Ch. 334.   There is no ground for the position that the legacies given by the will must be fully satisfied before any part of the legacy given by the codicil to Dudley Smith can be paid.   All the legacies stand upon the same footing, and are to be treated as if they were contained in the original will.

As a general rule, a legacy will lapse or be extinguished by the death of the legatee during the lifetime of the testator, except in the case provided for by Gen. Laws, *c.* 193, *s.* 12.   This rule applies where a gross sum is given to several legatees by name, to be equally divided between them : in such case, if one or more of them die before the testator, the shares intended for them will lapse.   But where a legacy is given to a class of persons, there is no lapse by reason of the death in the testator's lifetime of any individual of the class: those surviving take the whole.   This doctrine, like all rules of construction, rests upon the intention of the testator.   Though the bequest be to individuals by name, yet if it appears upon the whole will that the testator considered them as constituting a class, and intended that the whole should go to the survivors, that intention will prevail.   *Jackson* v. *Roberts*, 14 Gray 546; *Holbrook* v. *Harrington*, 16 Gray 102; *Schaffer* v. *Kettell*, 14 Allen 528; *Stedman* v. *Priest*, 103 Mass. 293.   Here the testator intended that the survivor of his three sons should take the entire legacies given them by the third and fourth clauses of his will.   Such is the natural, if not the necessary, interpretation of

the language used. The testator's heirs do not take under the third clause, nor his next of kin under the fourth clause, until the death of the last surviving son. Whatever comes to the sons under the sixth clause is given to them in terms as a class. There is, therefore, no lapse of the legacy given to Albert W. under the third, fourth, and sixth clauses.

The legacy given by the fifth clause stands differently. It is a gift in terms for the benefit of each of the persons named in severalty, and so far as the widow is concerned by reason of her waiver, and so far as Albert W. is concerned by reason of his previous decease, can never take effect. That part of the legacy given for the funeral expenses of the widow and of Albert W. has therefore lapsed, and falls into the residuum.

The devise of the homestead by the fourth clause is specific, and is not subject to contribution. *Wallace* v. *Wallace*, 23 N. H. 149; *Healey* v. *Toppan*, 45 N. H. 243; *Perkins* v. *Mathes*, 49 N. H. 107. Any deficiency in the assets must be borne ratably by the legacies given by the third and sixth clauses of the will, by the fifth clause reduced to $200, and by the codicil.

*Decree accordingly.*

ALLEN J., did not sit: the others concurred.