SUMNER, *Adm'r, v.* AMERICAN HOME MISSIONARY SOCIETY & *a.*

A devised his real estate to his wife for life, and ordered his executor to sell the same after her death, and from the proceeds pay over to S. the sum of $1,000.  The will then reads as follows : " I further give and bequeath out of the proceeds of said sale . . . the sum of one thousand dollars to be paid over to . . . the American Home Missionary Society . . . to be applied " &c.  The land sold for less than $2,000.  *Held,* that S. and the society take the fund derived from the sale in equal shares.

BILL IN EQUITY, by the administrator of the estate of Samuel Bartlett, not before administered upon, with the will annexed, asking for a construction of the will.  The testator devised to his wife the sole use, improvement, and income of all his real estate of which he should die seized, during her natural life, without impeachment of waste, remainder as follows : " Third.  After the decease of my said wife I order my executor to sell for the most he can get, at private sale or at public auction, as he may judge most for the benefit of those persons interested all my real estate and from the proceeds of said sale to pay over to Samuel Bartlett Sumner, son of George Sumner and [of] my niece Mary, his wife, when he shall arrive at the age of twenty-one years, the sum of one thousand dollars, to him and his heirs and assigns forever ; I further give and bequeath out of the proceeds of said sale of real estate the sum of one thousand dollars to be paid over to the person who, when it shall be payable shall act as treasurer of the American Home Missionary Society formed in the city of New York in 1826, to be applied under the direction of said society for the support of the preaching of the gospel in feeble churches in the state of New Hampshire."  The residue of his estate he devised to the surviving children of a sister and brother in equal shares.

The will was executed in 1859, and probated in 1863.  The real estate consisted of a farm of about 60 acres, with a house, barn, and outbuildings thereon, and a valuable growth of wood and timber on some parts of it, and was appraised at the testator's

decease at $2,575. His widow occupied the farm by herself and tenants till her death, July 8, 1884, taking the income, and cut off and disposed of most of the wood and timber. She made no repairs or improvements of any consequence upon the buildings or land, and at her decease they had greatly depreciated in value. The plaintiff sold the premises after her death. The balance in his hands for distribution under the third clause of the will is $800.69. The mother of the defendant Sumner was a niece of the testator, and the son was named for him at his request. The defendant Sumner claims the whole of the fund in the hands of the administrator, and the defendant society claims one half of it.

*W W. Stickney* and *W. H. Hills*, for Sumner.

*Leach & Stevens*, for the American Home Missionary Society.

SMITH, J. The only question is, whether the sum of $800.69, proceeds of the sale of the real estate devised in the third clause, belongs to Samuel B. Sumner, or is to be shared by him equally with the defendant society.

The testator may be presumed to have supposed his real estate would be worth at least $2,000 at the end of the life estate. If the proceeds had been just $2,000, his intention is clearly expressed that they be equally divided between two legatees. The proceeds being less, there is nothing in the will from which it can be inferred that he intended the deficiency should fall upon one rather than upon the other. The case is as if he had directed his executor from the proceeds to pay to Sumner $1,000 when he shall arrive at the age of twenty-one years, and to the treasurer of the defendant society the sum of $1,000. The case differs in no respect from the ordinary case where the testator's estate is not so large at his decease as it was at the date of the will, or does not realize so much as he expected. The order in which legatees are named is immaterial. So it is where one is named in the body of the will and the other in a codicil. *Hall* v. *Smith*, 61 N. H. 144. The presumption is that the testator intended to benefit both legatees, and as much one as the other. *Wallace* v. *Wallace*, 23 N. H. 149.

While the language by which the testator gives $1,000 to Sumner is not the same as that by which he gives the same sum to the society, it is not so dissimilar as to indicate that he had different intentions in regard to them. The legal effect of the language is the same in each case. Legacies expressed in similar terms stand on the same basis as to order of payment unless there is some clear ground of discrimination. 2 Redf. Wills 483. The legacy to the society is not from the residue of the fund after payment of the legacy to Sumner. The word " further " is used in the sense of " also," and does not indicate that the legacy to the society is given from a fund from which another legacy has been taken.

Our conclusion is that the defendants are entitled to the fund in equal shares.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.