Collins *v.* Bergen.

Harriet Collins et al.

*v*

Christopher A. Bergen et al.

A testator gave the income of his property to S. for life. After her death he gave one-half of his "residuary" estate to A, B and C, "share and share alike, being the third part of said devise to each of them." The remaining half he gave to D, E and F, "to each of them the third part of one-half of my residuary estate." Testator died in 1867; S. in 1884. C and D died before the testator, intestate, and leaving issue. B and E died after the testator, but before S., and both died intestate, leaving issue.—*Held*, that the shares of C and D lapsed, and, being shares of the residue, the testator died intestate as to them, and that the shares of B and E were vested, and not contingent on their surviving S., and, there being nothing in the will to indi-

cate any intention to give the residue to the legatees as classes, and not as in-
dividuals, each will be held to have been entitled to her share, and therefore
the issue of B will take her share instead of A, and the issue of E will take
her share instead of F.

Bill for construction of will &c.   On final hearing upon plead-
ings and stipulation of counsel as to the facts.

*Mr. John F. Harned,* for complainants.

*Mr. Martin V. Bergen,* for defendants.

THE CHANCELLOR.

James Folwell, late of the county of Camden, died April 6th,
1867.   By his will he provided as follows:

"Second. I direct my executors, herein named, to pay or cause to be paid
unto Sarah Green, my housekeeper, the net income or interest arising from
my property, either in bonds or mortgages, notes or stocks, during her natural
life; and, at her death, I give and bequeath to my sister, Leah Ann Davis,
the sum of $100. I also give and bequeath, after the death of Sarah Green,
the one-half of all my residuary estate unto my three sisters, Mary Little,
Susan Sharp and Hannah Kemble, share and share alike, being the third part
of said devise to each of them. The other remaining half of my estate I give
and bequeath, after the death of Sarah Green, to Rachel Collins, my wife's
daughter, Catherine Collins, her sister, and Harriet Collins, these three sisters.
I bequeath to each of them the third part of one-half of my residuary estate,
as before noted, after the death of Sarah Green. To Mary Ann Horner, of
Philadelphia, I give and bequeath the sum of $200."

Sarah Green died November 5th, 1884.   Harriet Kemble and
Rachel Collins both died before the testator.   The former died
in 1863, before the making of the will, and the latter died in
1864.   Each died intestate, leaving issue.   Susan Sharp and
Catherine Collins both died after the death of the testator, and
before the death of Sarah Green.   Both died intestate, leaving
issue.

The questions presented for decision are the following: Whether
the residuary gifts in remainder were vested or contingent;
whether the shares of Harriet Kemble and Rachel Collins

lapsed, or whether they went, on the testator's death, to the surviving residuary legatees in remainder; that is, whether the share given to Hannah Kemble went to Mary Little and Susan Sharp, and the share of Rachel Collins to Catherine and Harriet Collins.

The residuary gifts in remainder were vested, and not contingent upon the event of the legatees surviving Sarah Green. *Howell* v. *Green, 2 Vr. 570.* Whether the legatees in remainder of each half of the residuary fund, who survived the testator, were entitled to the whole of the gift given to them and their deceased colegatee, depends upon the decision of the question whether those gifts are to individuals or to a class. The rule is that where an aggregate fund is given to several persons *nominatim*, to be divided among them in equal shares, if one of them dies before the testator, the share of such decedent will lapse. The gift in this case is to six persons by name, to each one-third of one-half of the residuary estate in remainder. The testator gives one-half of that estate to his "three sisters, Mary Little, Susan Sharp and Hannah Kemble, share and share alike, being the third part of said devise to each of them." He previously gave $100 to his sister, Leah Ann Davis. The other half of the residuary fund he gives to "Rachel Collins," his "wife's daughter, Catherine Collins, her sister, and Harriet Collins, these three sisters," and adds that he bequeaths to each of them the third part of one-half of his residuary estate after the death of Sarah Green. Rachel, Catherine and Harriet Collins were not sisters but were sisters-in-law, and the first named was not the testator's wife's daughter, but her daughter-in-law. In *Cresswell* v. *Cheslyn, 2 Eden 123,* where a testator gave the residue of his personal estate to his three children, naming them, share and share alike, as tenants in common and not as joint tenants, and by a a codicil revoked the gift as to one of them, giving, instead of it, to the legatee a pecuniary legacy, it was held that the residuary third, the gift of which was so revoked, did not belong to the two other residuary legatees. See, also, *Clark* v. *Phillips, 17 Jur. 886*; *Stanhope's Trusts, 27 Beav. 201,* and *Havergal* v. *Harrison, 7 Beav. 49.* It is true that the mere fact that the testator,

in a devise or bequest to persons, mentions them by name is not conclusive upon the question whether the gift is to those persons as a class or as individuals.   But the rule is as above stated, and there is nothing in this case to take it out of the rule.   Where the gift is to persons *nominatim*, the intention to give a right of survivorship may be deduced from other parts of the will.   The cases cited by the complainant's counsel, *Jackson* v. *Roberts, 14 Gray 546; Schaffer* v. *Kettell, 14 Allen 528*, and *Stedman* v. *Priest, 103 Mass. 293*, are instances of such construction.   In the case in hand there is nothing to indicate any intention to give to the residuary legatees in remainder as classes and not as individuals.   The fact that the testator intended to give one-half of the residuary fund to his three sisters of the whole blood (Leah Ann Davis was his sister of the half blood), upon whom he bestowed it, and the other half to the three sisters-in-law, wives of his wife's sons, is not evidence of such intention any more than the gift of the whole to the six *nominatim* in equal shares would have been.

The shares of Harriet Kemble and Rachel Collins, who died in the testator's lifetime, lapsed.   Being shares of the residue, they did not pass to the other residuary legatees as part of the residue.   *Hawk. Wills 42.*   Consequently, the testator must be held to have died intestate as to them.