CALEB W. LORING *vs.* MARY E. COOLIDGE & others.

A testatrix in her will gave "the improvement of my property in trust to" a trustee named, "the income to be paid equally to my brother and my sister during their natural lives, and at their death the principal I give to my nephews and nieces then surviving." The brother died after the death of the testatrix, and left the sister surviving. *Held,* that the whole income of the property was payable thereafter to the sister until her death, until which time the gift over in remainder to the nephews and nieces was not to take effect.

BILL IN EQUITY by the trustee under the will of Sarah G. Coolidge, who died in 1861, to obtain the instructions of the court as to the disposal of the trust fund after the death in 1865 of the brother of the testatrix. The case was reserved by *Foster*, J., on the bill and answers, for the determination of the full court, and is stated in the opinion.

*J. Lathrop*, for the sister of the testatrix.

*S. Snow*, for the nephews and nieces.

WELLS, J. The terms of the will are : " I give the improvement of the balance of my property in trust to " a trustee named, " the income to be paid equally to my brother " " and my sister " " during their natural lives, and at their death the principal I give to my nephews and nieces then surviving." The brother having deceased, the nephews and nieces claim that the estate should be divided, and one half now distributed. They contend that the direction that the income be paid equally to the brother and sister has a distributive effect upon the whole clause, and operates to transmit the property in halves ; that upon the death of either of the beneficiaries for life the trust is *functus officio* as to half of the trust fund, and therefore the principal of that half becomes at once distributable to the legatees in remainder.

The word " equally " has no direct application except to the mode of paying over the income after it is received by the trustee. The language of the clause indicates that the balance of the property is to constitute one fund, the income or " improvement " of which is to be received by the trustee during the lives of the brother and sister ; after which the principal is given as

one fund to a single class, consisting of nephews and nieces, *per capita.* The time for this gift to take effect, and for determining what individuals are to constitute this class, is fixed as of a single event. " At their death," as a point of time, is the date when both shall have deceased. These words may be, and sometimes are, construed distributively, when the nature or order of the sequent dispositions is such as to require it ; as when the subsequent interests are given, *per stirpes,* to the children or other representatives respectively of those (not husband and wife) who are to enjoy the income during their lives. *Willes* v. *Douglas,* 10 Beav. 47. *Abrey* v. *Newman,* 16 Beav. 431. *Arrow* v. *Mellish,* 1 De Gex & Smale, 355. But in such cases the interpretation of the ambiguous term is governed by the apparent intent that the subsequent interests shall pass separately to each class, as succeeding to the share of the parent or other *cestui que trust* for life whom they respectively represent. Slight indications of intent are sufficient for this purpose.

In the present case there is no such ground of interpretation. There is but a single class to take the whole remainder, and they *per capita,* not as representatives of the brother and sister. The gift to them has no reference to their relations to the brother and sister, but only to their relations to the testatrix. The apparent intent therefore seems to us to accord best with the natural interpretation of the words, making the gift over in remainder take effect only upon the termination of the trust by the decease of both brother and sister. The agreed fact, that none of the nephews or nieces are children of either of the beneficiaries for .ife, tends to confirm this interpretation as in accordance with the probable intent of the testatrix.

Another question arises in the case from the fact that there is no gift over of income upon the death of one only of those to whom it is payable for life. This is relied upon, on the one side, as favoring the construction which would give the principal of one half of the fund to nephews and nieces at once; whi e, on the other, it is claimed that the whole income is payable to the survivor. The provision that the income is "to be paid equally " to the brother and sister does not necessarily imply a

Loring *v.* Coolidge & others.

separation of their interests in the trust. Payment of the income, one half to each during their joint lives, and the whole to the survivor, is equal as between them. If there were anything in the will to indicate a gift over of income, the payment would be made equal by a division between the survivor and the successors to the share of the deceased beneficiary for life. *Jones v. Randall,* 1 Jac. & Walk. 100. The omission to make any other disposition of the income, during the life of the survivor, is quite as significant upon the one side, as the omission to provide specifically for the right of survivorship is upon the other.

If the direction " to be paid equally " were to be construed to apply strictly to each payment of income, it would render the trust impossible of execution after the death of one of the *cestuis que trust.* Payment to the survivor exclusively of any part of the income, or the income of any part of the trust fund, would be as repugnant to such a direction as payment of the whole. Such a construction would limit the trust to the joint lives of the brother and sister.

The construction contended for seems to be, that the right to one half of the income, as a fixed, definite right, became vested in each, for their respective lives; and that this right cannot be enlarged in the survivor by the death of the other. This construction not only puts a constrained and narrow interpretation upon the words used, but, as has been already indicated, does not accord with the general purport of the clause and the apparent intent of the testatrix in the ultimate disposition of the fund.

There being no other party to claim an interest in the income, as income, and no apparent intent that the principal should be broken, or the trust in any part terminated, until the death of both of the beneficiaries for life, it seems to follow that the entire income should be paid to the survivor. *Begley* v. *Cook,* 3 Drew. 662. *Pearce* v. *Edmeades,* 3 Y. & Col. Exch. 246.

*Instructions accordingly.*