## DANIEL B. STEDMAN & another, executors, *vs.* MIRIAM W. PRIEST & others.

A testator, having eight children, and three grandchildren, A., B. and C., children of a deceased daughter, and another grandchild, child of another deceased daughter, by his will divided his estate into ten equal parts, six of which he gave to six of his children by name, two to trustees for his other two children, one to A., B. and C. by name, and the tenth to the other grandchild. As to each of the shares given in trust, in event of the *cestui que trust* dying without issue, he directed that it should be divided among all his children and grandchildren, the issue of such of his children as should then have deceased taking by representation their parents' share, and, " to do equal and exact justice to all my children and grandchildren," he directed any advancements made to be deducted from the share of each child or grandchild. B. died before the testator. *Held,* that B.'s share did not lapse, but went to A. and C.

BILL IN EQUITY by Daniel B. Stedman and George Stedman, executors of the will of Josiah Stedman, praying for instructions as to the disposition of his estate. The material facts in the case, as alleged by the bill and admitted by the answers, on which the case was reserved by *Gray,* J., for the determination of the full court, were as follows:

The testator's will, dated February 1, 1865, after giving a 'egacy, continued thus: " I do will, order and direct, that the whole of the residue and remainder of my estate," " shall be divided into ten equal parts, shares, or portions, and I do hereby give, devise and bequeath to my sons, Daniel B. Stedman and

George Stedman, to my daughters Miriam W. Carey, Hannah M. Jackson, Henrietta S. Alleyne and Lucy Stedman, and to their several and respective heirs and assigns forever, (one share to each,) of the said ten shares, parts or portions, named as aforesaid, to have and to hold the same, the said Daniel B. Stedman, George Stedman, Miriam W. Carey, Hannah M. Jackson, Henrietta S. Alleyne and Lucy Stedman, and to their several and respective heirs, executors, administrators and assigns, forever, as an absolute estate in fee, one tenth part, share or portion to each as aforesaid."

" I give, devise and bequeath one of the said tenth parts, shares or portions, of my estate so divided as aforesaid, to my grandchildren, Ellen M. Dobson, (wife of Isaac F. Dobson,) John W. Atkins, and Sarah S. Atkins, to be equally divided between them, the said Ellen M. Dobson, John W. Atkins, and Sarah S. Atkins, in equal shares to them and their several and respective heirs and assigns forever.

" I give, devise and bequeath one of the said ten parts, shares or portions, of my estate so divided as aforesaid, to my grandchild Emma Atkins, daughter of Josiah Atkins and Anna B. Atkins, to have and to hold the same to her, the said Emma Atkins, her heirs, executors, administrators and assigns, and their use and benefit forever.

" The remaining two shares, parts or portions of my estate so divided as aforesaid, intended for the use of my son, Josiah Stedman, Jr., and my daughter Clarissa S. Bates, wife of M. G. Bates, I do hereby give, devise and bequeath to my said before named sons, Daniel B. Stedman and George Stedman, and to the survivor of them, his executors, administrators, heirs and assigns forever," in trust, to pay over and distribute the income of said two shares, or portions, equally between the said Josiah Stedman, Jr. and the said Clarissa S. Bates, and " upon the decease of my son Josiah Stedman, Jr., and my daughter Clarissa S. Bates, as the same shall or may happen in the order of Providence, leaving issue, then to grant and surrender to such issue, to be divided between them in equal shares, and to their severa. and respective heirs and assigns forever, the said share, portion

or tenth part, so divided as aforesaid, with all additions or accumulations thereof, of which the parent had then, before, or was to have received, the rents, income and interest according to the provisions herein contained; and moreover, in case of decease of my son Josiah Stedman, Jr., or my daughter Clarissa S. Bates, as the case may be, so deceasing without issue, embracing all accumulations thereon unexpended, I will and direct shall be equally divided among all my children and grandchildren, the issue of such of my children as shall have then deceased taking by representation equally their parent's share."

"In order to do equal and exact justice to all my children and grandchildren, I do further will, order and direct, that, in the division and distribution of my estate as aforesaid, the advancements heretofore made to my said daughters, Miriam W. Carey, and Hannah M. Jackson, shall be deducted from their respective shares or portions of my estate, as also any other advancements heretofore or hereafter to be made to any of my children or grandchildren, which shall be by me charged in my books as such advancements against such children or grandchildren; and also, moreover, that such promissory notes, claims, or evidences of debts, as now are, or at the time of my decease may be, held by me against my two sons, hereinafter constituted executors of this will, are not to be extinguished by such appointments, but are to be considered a part of my estate, in the division and distribution aforesaid; and I do nominate and appoint my two sons, heretofore named, Daniel B. Stedman and George Stedman, sole executors of this my last will and testament."

Ellen M. Dobson, John W. Atkins, and Sarah S. Atkins, now the wife of John Holmes, were all the children of a deceased daughter of the testator, the first wife of the said Josiah Atkins; and Emma Atkins was the only child of another deceased daughter of the testator. John W. Atkins died in 1866; and the testator died in 1867. The only question was, whether the share of John W. Atkins had lapsed, or whether it passed to his sisters Ellen M. Dobson and Sarah S. Holmes.

*H. W. Paine*, for Mrs. Dobson and Mrs. Holmes.

*R. D. Smith*, for the other legatees.

COLT, J. Technical rules of interpretation will not be permitted to control the general rule, that the intention of the testator, as gathered from the whole will, must govern in its construction. Thus, although it is a rule that, when an aggregate fund is given to several, to be divided among them, *nominatim,* in equal shares, if one of them dies before the testator, his share will lapse ; yet the mere fact that he mentions by name the individuals who make up the class is not conclusive, and if the intention to give a right of survivorship is collected from the remaining provisions, applied to the existing facts, such intention must prevail.

We think the manifested intention in this case requires us to disregard the technical rule of construction alluded to. The testator, leaving eight children, and grandchildren representing two deceased daughters, divides the residue of his estate into ten equal parts, six of which he gives to six of his children, two to trustees for the remaining two children, and, of the other two parts, one he gives to three grandchildren, children of one deceased daughter, and the other to one grandchild, child of another deceased daughter. He divides the shares given in trust, in the event of the death of the devisees without issue, by the rule of representation. And he directs all advancements to be deducted from each child's share. He gives to one grandchild as much of his estate as he gives to her half sisters and brother, children of another daughter, three in number; affording the strongest evidence that he intended it all to be devised *per stirpes.*

The children of each of the deceased daughters constitute a class by themselves, representing their mothers ; and the surviving grandchildren, Mrs. Dobson and Mrs. Holmes, take the share that would have gone to their brother John, had he survived the testator. *Jackson* v. *Roberts,* 14 Gray, 546, 550. *Schaffer* v. *Kettell,* 14 Allen, 528. *Balcom* v. *Haynes,* Ib. 204.

*Decree accordingly.*