EDMUND T. PRATT, trustee, vs. JOHN CONDON, administrator,
& others.

SAME vs. SAME.

Suffolk.    March 8, 1921,— June 3, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust*, Construction of instrument creating trust.

The owner of certain real estate conveyed it by deed to trustees "In special con-
fidence and trust to hold said premises during the lives of all my children now
living, and during the lives of all my grandchildren now living, and for twenty
years after the death of the last survivor of my said children and my grandchil-
dren . . ." to pay income to the grantor during his life, and provided that,
after his death "Said income is to be divided into as many equal shares as there
shall be children of mine living at my death, and issue of deceased children of
mine, and widows of my sons having no issue by my sons living at my death, the
collective issue of each deceased child of mine to represent one child, and take
one share;" and that "one of said shares of said income" was to be paid to the
grantor's daughter E "during her life, and upon her death, to pay her said share
of income to her children and the issue of any deceased children of hers, until the
termination of this trust, as hereinbefore provided; the issue of one child to take
one share. . . ." After provisions as to the payment of other shares of the
income, the deed continued: "Should any one of the trusts hereinbefore created
terminate before the time fixed for the termination of the entire trust, as herein-
before provided, by reason of the death of all persons taking thereunder, or other-
wise, in that event, the principal of such trust shall be divided and added *pro rata*
to the remaining trust estates, and thereafter be disposed of, both principal and
interest, as parts of said trust estates." It also directed the payment of income
to the several beneficiaries, "personally, and in no event to the husbands or the
wives of the beneficiaries, nor in anticipation," forbade the assignment of interests
and prohibited the application thereof through legal proceedings in payment of
the debts of *cestuis que trust*. At the time the trust was created, E had two sons
and one daughter. After the donor of the trust died, one of E's sons died with-
out issue leaving a wife to whom by will he gave all his property and who died
leaving her father as her sole heir at law and next of kin and he was appointed
administrator of her estate. Subsequently E died, leaving two children living,
and the father of her deceased son's widow, individually and as administrator,
claimed one third of the income formerly given to her under the provisions of the
deed above quoted. *Held*, that

(1) It was not necessary to decide whether the right to receive the income pay-
able upon and after the death of E vested either on delivery of the trust deeds
or upon the death of the donor;

(2) The predominant intent of the trust instrument was to create trusts for

the benefit of the descendants of the donor for the period permitted by the·
rule against perpetuities;

(3) The language of the clause under which the father of the widow of E's.
son made his claim indicated that issue alone were to be beneficiaries upon a
contingency like that which had arisen;

(4) No technical rules of law prevented the construction of the instrument.
in accordance with the intention of the donor as shown by the entire instru-
ment; and no principle of positive law was violated;

(5) The income, formerly paid to E, on her death became payable to her two·
surviving children;

(6) The father of the widow of E's deceased son was entitled to nothing under
the trust deed.

Two BILLS IN EQUITY, filed in the Supreme Judicial Court on
September 7, 1920, by the sole remaining trustee under two deeds.
of trust of real estate on Bromfield Street in Boston and on Border
Street in that part of Boston called East Boston, for instructions.

The deeds and material trust provisions and material facts
alleged in the bills and answers are described in the opinion. By
interlocutory decrees, guardians *ad litem* were appointed for cer-
tain respondents who were minors and for persons not ascer-
tained and not in being who might become interested in the
subject matter of the suits. The suits were consolidated and came
on to be heard by *Jenney,* J., by whom they were reserved upon
the bills and answers for determination by the full court.

*R. H. Oveson,* for the trustee, stated the case.

*C. H. Walker,* (*J. R. Watkins* with him,) for the defendant Ellen·
Hildreth Taylor.

*J. G. Palfrey,* for himself as guardian *ad litem* for Hildreth
Taylor and for Eleanor Taylor Houghton.

*W. D. Cotton,* for himself as guardian *ad litem* for Elizabeth
Houghton and persons not ascertained and not in being.

*R. S. Warner,* for the defendant Leslie P. Phinney, submitted
a brief.

*W. B. Perry, L. W. Jenney & G. H. Potter,* for the defendant
John Condon, submitted a brief.

JENNEY, J. By deeds dated April 4, 1896, Isaac Pratt, Jr.,
conveyed real estate in Boston to three persons upon certain
trusts expressed in said deeds. Edmund T. Pratt is now sole
trustee and as such holds property of substantial value (the pro-
ceeds of the sale of the real estate originally held in trust), and he.
is in receipt of a substantial income therefrom.

The property described in one of these deeds — hereinafter referred to as the first trust — was on Bromfield Street and the deed provided, *inter alia,* as follows:

" 1. In special confidence and trust to hold said premises during the lives of all my children now living, and during the lives of all my grandchildren now living, and for twenty years after the death of the last survivor of my said children and my grandchildren. . . ."

" 3. To pay the remainder of said income to me, the grantor, Isaac Pratt, Junior, during my life.

" 4. Upon my death to pay said remainder of said income in manner, as follows: —

" Said income is to be divided into as many equal shares as there shall be children of mine living at my death, and issue of deceased children of mine, and widows of my sons having no issue by my sons living at my death, the collective issue of each deceased child of mine to represent one child, and take one share.

" A. To pay one of said shares of said income to my daughter, Ellen J. O. Phinney, during her life, and upon her death, to pay her said share of income to her children and the issue of any deceased children of hers, until the termination of this trust, as hereinbefore provided; the issue of one child to take one share. . . ."

The trust deed further directed the payment of shares of income to Emily L. Pratt, wife of Isaac L. Pratt, son of the donor, as long as she shall be either the wife or widow of said Isaac L. Pratt, to David G. Pratt, Edmund T. Pratt and Marland L. Pratt during their lives, with provisions as to the payments of income after their respective deaths. It provided: " Should any one of the trusts hereinbefore created terminate before the time fixed for the termination of the entire trust, as hereinbefore provided, by reason of the death of all persons taking thereunder, or otherwise, in that event, the principal of such trust shall be divided and added *pro rata* to the remaining trust estates, and thereafter be disposed of, both principal and interest, as parts of said trust estates." It also directed the payment of income to the several beneficiaries " personally, and in no event to the husbands or the wives of the beneficiaries, nor in anticipation," forbade the assign-

ment of interests and prohibited the application thereof through legal proceedings in payment of the debts of *cestuis que trust.*

The second deed conveyed real estate in East Boston upon trusts like those expressed in the first deed, excluding, however, the donor's son, Isaac L. Pratt and his issue, and making no provision for his wife. After the death of the donor the income under this trust became payable as follows: " My son, Isaac Lowell Pratt, his widow, and his issue shall have no share in said remainder. Said remainder of said income is to be divided into as many equal shares as there shall be children of mine, other than said Isaac Lowell Pratt, living at my death, and issue of deceased children of mine, and widows of my sons having no issue, by my sons, living at my death, the collective issue of each deceased child of mine to represent one child and take one share, excluding said Isaac Lowell Pratt and his widow and issue, as aforesaid." The provisions as to Ellen J. O. Phinney and as to the payment of income upon her death do not differ materially from those in the first deed.* The other terms pertinent to the issue here in controversy, except as hereinafter indicated, are the same as in the first deed.

Isaac L. Pratt, Jr., the donor, died on August 26, 1899. His daughter, Ellen J. O. Phinney, died on April 14, 1920. At the time the trusts were created, she had living three children, Horatio H. Phinney, Leslie P. Phinney and Ellen Hildreth Taylor. Horatio H. Phinney died testate on August 13, 1903, leaving a widow and no issue. His will gave all his property to his wife, who died intestate in 1918, and who then was a resident of Brooklyn, New York. Her father, John Condon, one of the defendants, is her sole heir at law and next of kin, and he has been duly appointed, in that State, administrator of her estate. When Ellen J. O. Phinney died there were then living her children Leslie P. Phinney and Ellen Hildreth Taylor, and children and grandchildren of Ellen H. Taylor, all of whom are defendants.

---

* The second deed in this respect is as follows: "To pay one of said shares of said income to my daughter, Ellen J. O. Phinney, during her life, and upon her death, to pay her said share of said income to her children and the issue of any deceased children of hers until the termination of this trust, as hereinbefore provided, the collective issue of each deceased child to take one share."

The trustee does not require directions except as to the persons who are now entitled to the shares of the income which were payable to Ellen J. O. Phinney. Edmund T. Pratt and Marland L. Pratt, each of whom is entitled by the express terms of the deeds to shares of the income, are still living. It was stated in argument that Emily L. Pratt, who was living when the bill was filed and against whom it had been taken *pro confesso,* had died; but no supplemental bill, or amendment, setting up that fact has been filed, and the case is not ripe for instructions as to the persons entitled to that share of the income of the first trust to which she had been entitled. Although David G. Pratt, who was entitled to shares under both deeds, is dead, his widow is still living and has not remarried, and is by express designation entitled to the income payable to him in his lifetime.

It is not necessary to decide whether the right to receive the income payable upon and after the death of Mrs. Phinney vested either on delivery of the trust deeds, or upon the death of Isaac L. Pratt, Jr. By the words of the deeds, that income upon her death was payable to "her children and the issue of any deceased children of hers." If an interest vested, it determined when the person entitled thereto died. The predominant intent of both instruments is to create trusts for the benefit of the descendants of the donor for the period permitted by the rule against perpetuities. The entire trust funds are to be kept intact and no distribution of principal is to be made until twenty years after the death of the last survivor of the children and grandchildren living when the trusts were created. And upon the termination of the Bromfield Street trust, the "principal trust estate then remaining" is to be conveyed to the "then heirs at law" of Isaac L. Pratt, Jr. "in accordance with the law of descent of real estate in this Commonwealth in force" at his decease. In the case of the East Boston trust, it is provided that upon its termination "the principal trust estate then remaining shall be conveyed to . . . [his] then heirs at law in accordance with the laws of descent and distribution in this Commonwealth, existing at the time of . . . [his] decease."

The language of the specific clauses now construed indicates that issue alone are to be beneficiaries upon a contingency like that which has arisen. It is declared that the persons to whom

income shall be paid on Mrs. Phinney's death are her children and the issue of deceased children, "the issue of each deceased child to take one share." This explicit declaration in effect excludes those claiming under deceased children who have left no issue. As was said in *Crapo* v. *Price*, 190 Mass. 317, at pages 321 and 322: "By directing the final payment and division to be made among beneficiaries thus to be ascertained, the testatrix, according to the natural import of her words, has excluded those children who should die during the life estate without leaving issue. Plainly, some of these beneficiaries, the issue of deceased children, cannot be determined until the decease of the life tenant; and this affords a strong indication that all of the beneficiaries are to be then determined. . . . The fact that, as here, some of the legatees in remainder could not be ascertained until after the termination of the life estate, has been regarded as having a strong tendency to show that all the remaindermen must be ascertained at that time, and so that all the remainders were contingent. *Smith* v. *Rice*, 130 Mass. 441. *Denny* v. *Kettell*, 135 Mass. 138. *Harding* v. *Harding*, 174 Mass. 268.

"Moreover it seems to us that the testatrix intended the whole fund to be divided among the beneficiaries whom she identifies by description, that is, among the persons who at the time of division answer to the description which she gives, who are then either children or the issue of deceased children of Mrs. Price. The children and issue of deceased children, though standing in different degrees of relationship to their ancestor, are described as forming one collective body, one class, as in *Bigelow* v. *Clap*, 166 Mass. 88; *Hill* v. *Bowers*, 120 Mass. 135; *Bassett* v. *Granger*, 100 Mass. 348; *Young's appeal*, 83 Penn. St. 59." See also *Dove* v. *Johnson*, 141 Mass. 287; *Peabody* v. *Tyszkiewicz*, 191 Mass. 317; *Ware* v. *Minot*, 202 Mass. 512; *Wheaton* v. *Batcheller*, 211 Mass. 223; *Hall* v. *Farmer*, 229 Mass. 103; *Hall* v. *Read*, 232 Mass. 204; *Boston Safe Deposit & Trust Co.* v. *Wall*, 234 Mass. 447; *Welch* v. *Williams*, 237 Mass. 373.

The provision forbidding assignments of interest in the trusts and also intended to prevent the application of such interests through legal proceedings to the payment of debts of beneficiaries, is consistent with this conclusion. The requirement that if any one of the trusts created "terminate before the time fixed for the

termination of the entire trust, . . . by reason of the death of all persons taking thereunder, or otherwise, in that event, the principal of such trust shall be divided and added *pro rata* to the remaining trust estates, and thereafter be disposed of, both principal and interest, as parts of said trust estates," strongly confirms it. If the interest of a deceased son goes to his wife and from her to her father, as is claimed in this case, it is hard to see how any of the trusts could end under this provision prior to the termination of the trusts as a whole. If the father is entitled, by the reason that establishes that result, on his death the right to the part of the income that he was entitled to during his life will vest in those standing in his shoes.

No technical rules of law prevent the construction of these instruments in accordance with the intention of the donor as shown by the entire instrument as no principle of positive law is violated. *Crapo* v. *Price, supra.* This case is not governed by *Whitman* v. *Huefner,* 221 Mass. 265. There the intent of the testator was not clearly manifested. The will was construed with careful analysis of all its terms, and with reference to long established rule applied when necessary to determine the construction of such instruments, but which do not control a clear legal intendment such as appears in the instruments here considered and which compels a result different from that reached in the case now referred to. The question there decided related to the final distribution of the principal, and not to the payment of income during the existence of a trust.

We are of opinion that upon Mrs. Phinney's death, the income to which she had been entitled became payable in equal shares to her children, Leslie P. Phinney and Ellen H. Taylor; and that John Condon, the father, only heir and next of kin of Helen Condon Phinney and the administrator of her estate is not entitled either individually or as administrator to the income to which Horatio H. Phinney would be entitled if he were now living, and which his issue, if any there were, would receive; and the trustee is so instructed. The terms of the decrees and the allowances, if any, as between solicitor and client, are to be settled by a single justice.

*So ordered.*