SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY & another, trustees, *vs.* KIERAN L. DUNN & others.

Hampden.    September 21, 1922. — October 11, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust,* Construction of trust instrument. *Devise and Legacy,* To individuals or to a class.

A testator by his will, after certain specific bequests, placed "all the rest, residue and remainder" of his property in trust, directing that a certain annual amount be applied for the comfort of his wife, if she survived him, during her life and that the remaining income should be paid "in equal shares, semiannually to my children," naming four, and to five named grandchildren, children of a deceased daughter, who was named, "said grandchildren to take by right of representation the share which my said daughter would have taken if living. In the event of the subsequent death of any of my children above named, the share of the income given to such deceased child shall be paid to his or her issue by right of representation."  The will continued: "Upon the death of the last survivor of my children, the said trust shall terminate, and the said Trust Company, as surviving trustee, or its successor in the trust, shall divide said trust property into as many equal shares as there are then living grandchildren, and grandchildren who have died leaving issue then living, and to each of my said surviving grandchildren shall be paid and transferred one share *per capita,* and to the said surviving issue of any deceased grandchildren shall be paid and transferred *per stirpes* the share which their parent, if living, would have received."  One of the named grandchildren died after the testator leaving no issue and a husband who was appointed the administrator of her estate.  *Held,* that the other named grandchildren were entitled to receive that part of the income which formerly had been paid to the granddaughter who had died, and that the husband and administrator of her estate was entitled to nothing.

BILL IN EQUITY, filed in the Probate Court for the county of Hampden on January 14, 1922, by the trustees under the will of Michael Dunn, late of Springfield, for instructions, "to whom and in what proportions the income of said trust fund [described in the opinion] should be paid and in particular to whom that proportionate part of said income formerly paid to said Rachel Griffin Sullivan, prior to her death, shall be paid."

In the Probate Court, the suit was heard by *Long,* J.  Material facts are described in the opinion.  By order of the judge, a final decree was entered adjudging that the surviving brothers and sister of Rachel Griffin Sullivan were entitled to receive that part of the

income of the trust fund which before her death was payable to her.

Joseph C. Sullivan, administrator of the estate of Rachel Griffin Sullivan, and her husband and statutory heir, appealed.

The case was submitted on briefs.

*J. A. Love,* for Joseph C. Sullivan.

*E. A. McClintock & D. B. Hoar,* for the surviving brothers and sister of Rachel Griffin Sullivan.

JENNEY, J.   The will of Michael Dunn of Springfield was admitted to probate on May 7, 1913.   After specific devises, all the rest, residue, and remainder of his property was given in trust to the Springfield Safe Deposit and Trust Company and Kieran L. Dunn.

The trustees were directed to make payments not here in controversy from the income, and to "apply for the comfortable support" of the widow during her natural life a sum not exceeding $3,000 annually.

The testator provided that the remaining income should be paid "in equal shares, semiannually to my children Kieran L. Dunn, Katherine Kilroy, Mary H. Maguire, Joseph J. Dunn and to Grace D. Griffin, Rachel Griffin, Gerald Griffin, Joseph Griffin and Bartholomew Griffin, children of my deceased daughter Margaret Griffin, said grandchildren to take by right of representation the share which my said daughter would have taken if living.   In the event of the subsequent death of any of my children above named, the share of the income given to such deceased child shall be paid to his or her issue by right of representation."

The will continued: "Upon the death of the last survivor of my children, the said trust shall terminate, and the said Trust Company, as surviving trustee, or its successor in the trust, shall divide said trust property into as many equal shares as there are then living grandchildren, and grandchildren who have died leaving issue then living, and to each of my said surviving grandchildren shall be paid and transferred one share *per capita,* and to the said surviving issue of any deceased grandchildren shall be paid and transferred *per stirpes* the share which their parent, if living, would have received."

All the beneficiaries named in these clauses of the will survived the testator and are now living except his granddaughter Rachel,

who died on August 19, 1921, intestate, leaving no issue. Her only heirs and next of kin were her husband, Joseph C. Sullivan, who is administrator of her estate, and her father, Barte J. Griffin.

The trustees ask instructions as to the disposition of the part of the income to which Rachel Griffin Sullivan had been entitled in her lifetime. The case is here upon an appeal from a decree entered in the Probate Court.

The clause to be construed is contained in what purports to be a disposition of the residue of the testator's estate. See *Smith* v. *Haynes*, 202 Mass. 531, 533. No provision is made therein for the payment of income after the death of a beneficiary except to issue; and those entitled to share in the principal upon the termination of the trust are restricted to the then surviving grandchildren and to issue of deceased grandchildren.

We think that a right to income did not vest under the statutes of distribution and descent in those claiming under a deceased beneficiary as administrator, heir, or next of kin. The will does not provide that any one shall share in the income except certain beneficiaries, and its clear intendment is to create a trust for the benefit only of descendants of the testator in a direct line to continue during the lives of his children. Upon the termination of the trust, no person is to receive any part of the principal except those who are his issue. *Stedman* v. *Priest*, 103 Mass. 293. *Bailey* v. *Bailey*, 236 Mass. 244. *Pratt* v. *Condon*, 239 Mass. 167, 171.

The explicit declaration as to the payment of income in the case of the death of a child leaving issue in effect excludes those claiming under deceased children who left no issue and supports the conclusion that the testator's manifest intention was to give nothing to those claiming under any beneficiary for life, except as expressly directed. *Loring* v. *Coolidge*, 99 Mass. 191, 193. *Dove* v. *Johnson*, 141 Mass. 287. *Pratt* v. *Condon, supra. Crapo* v. *Price*, 190 Mass. 317. This construction is not forbidden because the vesting of title to the income is not in terms limited to the lives of the persons named; nor because it is provided that annual payments in accordance with other parts of the will are stated to be for life.

The direction to pay income "in equal shares" does not control. *Jackson* v. *Roberts*, 14 Gray, 546. *Loring* v. *Coolidge, supra. Dove* v. *Johnson, supra.* Compare *Shattuck* v. *Wall*, 174 Mass.

167, which is distinguishable. The fact that the devise was to individuals by name who constitute a class does not conclusively show that it was to them only as individuals. The inference which might otherwise be drawn yields to the manifest intent to the contrary. *Jackson* v. *Roberts, supra. Schaffer* v. *Kettell,* 14 Allen, 528. *Stedman* v. *Priest, supra. Sears* v. *Brown,* 241 Mass. 523.

Considering all the provisions of the will together, we are of opinion that on the death of Rachel Griffin Sullivan without issue, her surviving brothers and sister became entitled to all the income thereafter accruing which had been given to the children of Margaret Griffin, to be equally divided among them. The decree appealed from was to that effect and should be affirmed.

*So ordered.*