BERTHA F. BOYNTON, executrix & trustee, *vs.* BERTHA F. BOYNTON, administratrix, & others.

Middlesex.     January 7, 8, 1929. — March 7, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Trust*, Construction of instrument creating trust, Life estate, Acceleration of estate in remainder by waiver of will by widow, Time of distribution, Class. *Devise and Legacy*, Gift to class or to individuals, Lapse, Intestacy. *Widow*, Waiver of will of husband. *Will*, Waiver of provisions.

A provision in a will of a man who died in 1920 directed a trustee to make certain payments to his wife during her life and to his son during his life and "after the death of my said wife . . . and my son . . . to divide all the remaining property." The widow waived the provisions of the will. The son died leaving the widow surviving. *Held*, that, by reason of the widow's waiver, the trust terminated on the death of the testator's son.

A will created a trust of the residue of the testator's estate from which certain amounts were to be paid monthly for life to the testator's widow and a son, and in the event of the son's death leaving issue, "then to such issue for the remainder of the term" of the trust. The trustee also was to pay "to my daughters B and C each one half of the balance of the income remaining after the payments to my said wife and son and in the event of the death of my said wife or of my son, leaving no issue, then his or her share to be equally divided between my said

daughters and in case of the death of either of my said daughters during the existence of this trust leaving issue then such issue shall stand in the place of such daughter." There was a further direction "after the death of my said wife . . . and my son . . . to divide all the remaining property between my said daughters B and C but in the event of the death of either or both of my said daughters leaving issue then such issue to take the place of the deceased daughter or daughters and in case both my said daughters die without leaving issue then . . . to divide my property between the children and grandchildren of my sister . . . share alike." The widow survived the testator and waived the provisions of the will. The testator's sister and his daughter C died before him, the daughter unmarried, and the sister leaving a grandchild. The son and the daughter B survived the testator. The son died before the widow. *Held,* that

(1) Under the provisions of the will, all the trust property was to be divided at the death of the son; one payment or distribution at one time was contemplated;

(2) The limitation to the issue of the sister was contingent on the death of both of the testator's daughters without issue in the lifetime of the testator's widow and son or the survivor of them; and, the contingency not having occurred, the grandchild of the sister was entitled to nothing;

(3) The gift to the daughters B and C was to them as individuals and not as a class;

(4) On the death of C during the testator's lifetime, her share lapsed; and as it was a gift of a portion of the residue, an intestacy resulted and her share, both of principal and of income, should be distributed to the testator's heirs at law: B therefore took not only one half of the residue, but her share of the other half which was distributed as intestate property;

(5) Because she waived the provisions of the will, the estate of the widow was not entitled to share in the final distribution in the share of C which was distributed as intestate property;

(6) The estate of the son was entitled to share with the daughter B in the half distributed as intestate property, the will not disclosing an intent to limit the son's share to the amount specifically given him by the will.

PETITION, filed in the Probate Court for the county of Middlesex on June 2, 1926, by the executrix of and trustee under the will of Everett E. Tarbell, late of Pepperell, for instructions.

The petition was heard by *Harris,* J., a stenographer having been appointed under the provisions of G. L. c. 215, § 18. Material facts are stated in the opinion.

By order of the judge a decree was entered as follows:

"1. In consequence of the waiver by the widow of the testator of the provisions of his will in her behalf, the trust

was accelerated and terminated on the death of the testator's son, Rudolph.

"2. The limitation over to the children and grandchildren of the testator's sister, Lydia, is contingent upon the death of both daughters of the testator, without issue, in the lifetime of the testator's widow and son or the survivor of them.

"3. The testator's daughter Bertha is entitled to one half of the residue of the estate, absolutely, and the petitioner is instructed to pay the same over to her, free of trust.

"4. The testator's daughter, Cecil, having predeceased him, leaving no issue, her legacy lapsed; and there being no language in the will apt to confer upon her sister Bertha the right by survivorship to her share of the residue, nor any language from which such right may be inferred, an intestacy was created as to her share, both of principal and income, and said share is to be divided equally between the estate of Rudolph E. Tarbell and the surviving sister, Bertha, and the petitioner is instructed to pay the same over to them, accordingly, free of trust."

The respondents Bertha F. Boynton and Beatrice W. Duffey appealed.

*P. D. Turner*, for the respondent Duffey.

*E. W. Baker*, (*S. M. Salny* with him,) for the respondent Bertha F. Boynton, individually and as administratrix.

*F. M. Qua*, for the respondent Adelaide L. Tarbell.

CARROLL, J.  This is a petition for instructions as to the meaning of certain portions of the will of Everett E. Tarbell. The petitioner is the sole remaining executrix of the will. The respondents are Bertha F. Boynton in her individual capacity as the daughter of the testator, and said Bertha F. Boynton as administratrix of the testator's widow; Beatrice Wallace Duffey, the testator's grandniece; and Adelaide L. Tarbell, administratrix of the testator's son, Rudolph E. Tarbell.

The will was executed February 23, 1911.  The testator's wife, Lizzie D. Tarbell, was then living, as well as were his two daughters, Bertha F. Boynton and Cecil Tarbell, and one son, Rudolph E. Tarbell.  The testator died May 18, 1920.  His daughter Cecil died unmarried in April, 1919.

His sister Lydia predeceased him, leaving no children but one grandchild, the respondent Beatrice W. Duffey. The testator's widow survived him. On August 10, 1920, she waived the provisions of the will. She died November 3, 1926. The surviving daughter of the testator, Bertha F. Boynton, is married but has no issue. The testator's son, Rudolph, was married; he died subsequent to his father on October 7, 1922.

The will, after a bequest to Lydia Frazier, the testator's sister, provided that the residue should be held in trust, the trustees to pay to the testator's widow the sum of $150 monthly during her lifetime; to pay to his son, Rudolph, $50 monthly during his lifetime, and in the event of the son's death leaving issue, "then to such issue for the remainder of the term" of the trust. The trustees were then directed as follows:

"To pay to my daughters Bertha F. Boynton and Cecil Tarbell each one half of the balance of the income remaining after the payments to my said wife and son and in the event of the death of my said wife or of my son, leaving no issue, then his or her share to be equally divided between my said daughters and in case of the death of either of my said daughters during the existence of this trust leaving issue then such issue shall stand in the place of such daughter.

"I direct my said trustees after the death of my said wife Lizzie D. Tarbell and my son Rudolph Ernest Tarbell to divide all the remaining property between my said daughters Bertha and Cecil but in the event of the death of either or both of my said daughters leaving issue then such issue to take the place of the deceased daughter or daughters and in case both my said daughters die without leaving issue then I direct my trustees to divide my property between the children and grandchildren of my sister Lydia, share alike."

1. The will provided that on the death of the testator's wife and son the corpus of the estate was to be divided. The language of the will shows this. The testator said "after the death of my said wife . . . and my son . . . to divide all the remaining property." The words "after the death" mean after the death of both the wife and son. *Lor-*

*ing* v. *Coolidge,* 99 Mass. 191. *Dole* v. *Keyes,* 143 Mass. 237, 239. *Richardson* v. *Warfield,* 252 Mass. 518, 521. The petition before us was dated June 2, 1926. Mrs. Tarbell, widow of the testator, was then living; she died November 3, 1926. The judge of probate decided that by her waiver of the provisions of the will the trust was accelerated and that it ended on the death of the testator's son. This ruling was right. The widow, by renouncing any benefit under the will and electing to take such portion of the estate as she would take if her husband had died intestate, was no longer interested in the trust. The will must be interpreted as if it contained no provision for her, and the trust therefore terminated on the death of the son, Rudolph. *Brandenburg* v. *Thorndike,* 139 Mass. 102. *Shreve* v. *Shreve,* 176 Mass. 456, 458. *Crocker* v. *Crocker,* 230 Mass. 478, 481. *Hesseltine* v. *Partridge,* 236 Mass. 77, 80. Cases in which it appears that a provision for the wife was for the benefit of a third person are to be distinguished. See *Leonard* v. *Haworth,* 171 Mass. 496; *Crocker* v. *Crocker, supra.* The purpose of the trust was to secure the monthly payments of the sums designated to the wife and son. The wife having waived the provisions of the will in her favor and the son having died on October 7, 1922, the trust came to an end at that time.

The will directed that upon the death of the wife and son the trustees were "to divide all the remaining property between my said daughters Bertha and Cecil." These words do not mean that the income only was to be distributed at the time designated. In the preceding paragraph the testator had provided for the disposition of the income remaining after payments to the wife and son as well as the income after their deaths. In the paragraph in question he disposed of the corpus of the estate. It was his intention to do this as shown by the frame of the will, and the language used. He intended that his beneficiaries were to hold in fee after the termination of the trust. See G. L. c. 191, § 18. *Bassett* v. *Nickerson,* 184 Mass. 169, 173. The words of the testator directing the trustees after the deaths of his wife and son "to divide all the remaining property" between his daughters

are indicative of his wish that the distribution should take place at that time. The words, "in case both my said daughters die without leaving issue then I direct my trustees to divide my property between the children and grand-children of my sister Lydia," do not require that a different interpretation should be given to the direction as to the time for the division of all his property. The language shows it was the testator's intention that the limitation over was to take effect, if at all, at the time the trust terminated. One payment or distribution at one time was contemplated. *Pope* v. *Farnsworth,* 146 Mass. 339, 342, 343. See *Donnell* v. *Newburyport Homœopathic Hospital,* 179 Mass. 187.

The ultimate distribution of the estate was to take place when both the son and wife had died. The proviso in the will, "in case both my said daughters die without leaving issue," concerns the disposition of the property in the event that both should die without issue before the time for final distribution had arrived. This provision has no effect on the ultimate distribution of the property, when the time for distributing has already arrived and the daughter Bertha is alive.

Since the testator's daughter Bertha survived the time for final distribution, and is now alive, the contingency upon which the respondent Duffey, the descendant of the testator's sister Lydia, might have taken did not happen, that contingency being the death of both the testator's daughters during the lifetime of his wife and son or the survivor of them. There was no intention manifested by the testator to make the gift to the descendants of Lydia independent of that contingency; it was only on the happening of the particular event that they were to become beneficiaries. It follows from this that the decree of the Probate Court, that the limitation over to the children and grandchildren of Lydia was contingent on the death of the testator's daughters without issue, in the lifetime of the testator's widow and son or the survivor of them, was right.

2. It is contended by the respondent Boynton that the gift to the daughters was a gift to a class and not a gift to the individuals, that upon the death of one the survivor takes the whole.

One rule to be followed in ascertaining whether a gift is to individuals and not to a group or class is that where the several donees are named it is to be presumed that the testator in mentioning each of the beneficiaries by name intended each should take as an individual.  But this manner of designation does not prevent a construction that the gift was to a group, where it is apparent from the wording of the will that the testator intended that the legatees should take as a class. If the gift was to the testator's daughters as individuals, on the decease of the daughter Cecil her share lapsed, and this gift being in the residuary clause with no further limitation over her share became intestate property.  In our opinion the gift to Cecil and Bertha was a gift to them as individuals. In addition to the fact that each was called by name, the words, "to divide . . . between my said daughters," as well as the words, "each one half" and "to be equally divided," in the preceding paragraph, satisfy us that the testator had in mind a gift to his daughters Bertha and Cecil individually rather than a gift to them as joint tenants or a gift to a class. *Frost* v. *Courtis*, 167 Mass. 251, 253.   *Shattuck* v. *Wall*, 174 Mass. 167, 169.   *Loomis* v. *Gorham*, 186 Mass. 444, 445.

*Cook* v. *Smith*, 101 Mass. 341, and similar cases where survivorship as to income and principal was provided for, are to be distinguished.  In *Smith* v. *Haynes*, 202 Mass. 531, the testator intended to treat the children in different families as separate classes.

On the death of Cecil during the testator's lifetime her share lapsed; and as it was a gift of a portion of the residue, an intestacy resulted and her share is to be distributed to the testator's heirs at law; *Hobbs* v. *Chesley*, 251 Mass. 155, 157, and cases cited; see *Lyman* v. *Sohier*, ante, 4; and this is true of the gift of income as well as the gift of principal.  *Shattuck* v. *Wall*, 174 Mass. 167.   On this point the case at bar is to be distinguished from *Springfield Safe Deposit & Trust Co.* v. *Dunn*, 243 Mass. 7, where there was an express provision as to survivorship, and from *Pratt* v. *Condon*, 239 Mass. 167, and cases of similar import.   There is nothing in *Clarke* v. *Rathbone*, 221 Mass. 574, in conflict with what is here said.   It follows that the respondent Boyn-

ton takes, as an heir of the testator, her share of the intestate property, that is, the legacy which lapsed by the death of Cecil; and she also is entitled to one half of the residue of the estate absolutely.

3. Another contention of the respondent Boynton is that, assuming an intestacy as to Cecil's share, she, as the administratrix of the estate of Lizzie D. Tarbell, wife of the testator, is entitled to share in the distribution of this intestate property. The widow of the testator waived the provisions of the will for her benefit and she exercised the statutory right given her. G. L. c. 191, § 15. This statute provides that the widow may waive the provisions for her benefit in her husband's will and thereupon she takes the portion of his property she would take if he had died intestate, except that if she would thus take real and personal property in excess of $10,000 in value, she shall receive in excess of that amount the income, during her life, of the excess of her share of his estate above that amount. If she elected to take the share coming to her which she would have if her husband had died intestate, "she shall thereupon take" her share as she would take if he died intestate. She then participates in his estate and takes her interest in all of his estate, that which he attempted to dispose of by will as well as that which is intestate property. She cannot subsequently take a second time. In the case at bar, the widow's share having been allotted to her, she cannot now receive an additional share. If she had not waived the provisions in the will, her estate would be entitled to her proportionate share of the lapsed legacy; but by her waiver, her estate is not entitled to any portion of it.

We do not understand that any question is raised as to the receipt by Mrs. Tarbell of the $10,000 or to the income to which she was entitled.

4. Another contention is that, even if there was a partial intestacy, the estate of the son, Rudolph, is not entitled to a share therein. The argument is that the will shows that the intent of the testator was to limit Rudolph's share to the amount specifically given him in the will. We do not agree with this contention. A bequest or devise to one who is an

heir at law will not prevent him from taking as an heir at law or statutory heir in the event of a partial intestacy, unless it is clear from the will taken as a whole that it was intended so to exclude him on the happening of the event. *Johnson* v. *Goss,* 132 Mass. 274, 276. *Jones* v. *Gane,* 205 Mass. 37, 44. *Walton* v. *Draper,* 206 Mass. 20, 23. The testator established a trust for the benefit of Rudolph during his life, and it was provided there should be a gift over to the daughters on the expiration of the trust; but this, in our opinion, does not show that Rudolph's estate should not share in the intestate property. In the event which has happened, the testator made no disposition of Cecil's share. It must therefore go as intestate property. *Nickerson* v. *Bowly,* 8 Met. 424, 432. *Loring* v. *Dexter,* 256 Mass. 273, 280.

5. Certain exceptions to the exclusion of evidence were taken by the respondent Duffey. She is not entitled to share in the estate and it is therefore unnecessary to consider them. The evidence excluded had no bearing on the questions involved; it was incompetent and was excluded properly. See *Best* v. *Berry,* 189 Mass. 510.

It follows that Cecil's share is to be distributed equally to the testator's daughter Bertha F. Boynton and to Adelaide L. Tarbell as administratrix of the estate of the testator's son, Rudolph E. Tarbell. Costs as between solicitor and client are to be in the discretion of the judge of probate.

*Decree affirmed.*