LOUIS E. FLYE & another, trustees, *vs.* JANET H. JONES & others.

Norfolk.   March 7, 1933. — May 24, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy,* To individuals or class.   *Trust,* Construction of instrument creating trust.

A testator, who died leaving a second wife, a son by the first wife and a daughter by the second wife, by his will established a trust, directing the trustees to "pay the income in quarterly payments and in equal shares to my wife and two children," and, if his wife should remarry, "that two thirds of her share of said income shall be divided equally between my two children aforesaid"; and that, when the children reached the age of thirty-five years, "then two thirds of my estate if my wife is living unmarried, and five-sixths if she should marry, shall be divided equally between said two children, and at the decease of my said wife all that remains in my trustees hands if said children have arrived at the age of thirty five years, shall be divided equally between said two children."   Upon a petition for instructions at a time when the testator's widow and both his children were living and the widow had not remarried, it was *held,* that

(1) The children took income from the trust fund as individuals and not as a class: the words "in equal shares" were to be read as applying to the wife and the two children in the same manner as if the phrase in question had provided in terms for the payment of income in equal shares to them by name;

(2) The income must be paid, one third to the widow and one third to each of the children.

A request of the testator in the will above described that his wife be appointed guardian of the children if they were under twenty-one years of age at his death and facts agreed upon as to affectionate relations of the testator with his wife and children, his gifts to them during his lifetime, and their financial condition, did not lead to a conclusion different from that above stated.

PETITION for instructions, filed on July 22, 1932, in the Probate Court for the county of Norfolk by trustees under the will of Everett Jones, late of Brookline.

The petition was heard by *McCoole,* J., by whose order the decree described in the opinion was entered.   Janet H. Jones appealed.

*W. J. Good,* for Janet H. Jones, submitted a brief.

*R. B. Heavens,* for Bradford Jones.

*D. W. Corcoran,* guardian *ad litem,* submitted a brief.

FIELD, J.   Everett Jones, late of Brookline, died in 1919 leaving a will executed November 29, 1913.   At the time the will was made and at the time of the testator's death he had a wife, Janet H. Jones, whom he had married in 1911, and two children, Margery Jones, daughter of the testator and his wife Janet, born in December, 1912, and Bradford Jones, a son of the testator by a former marriage, born in 1904.   Mrs. Jones has not remarried.

By the will the testator gave the residue of his estate to trustees upon the following trust: "It is my will that my said trustees shall keep my estate well invested, and pay the income in quarterly payments and in equal shares to my wife and two children, and should my wife marry at any time after my decease, it is my will that two thirds of her share of said income shall be divided equally between my two children aforesaid, and it is my will that each of my two children shall be paid five thousand dollars out of the principal in the hands of my said trustees when they arrive at the age of twenty-five years, and when said two children arrive at the age of thirty-five years, then two thirds of my estate if my wife is living unmarried, and five-sixths if she should marry, shall be divided equally between said two children, and at the decease of my said wife all that remains in my trustees hands if said children have arrived at the age of thirty five years, shall be divided equally between said two children."

The trustees under the residuary clause petitioned the Probate Court "for instructions as to who are the persons entitled to the trust fund and the income thereof and in what proportions and when said fund and income are to be distributed."   On this petition a decree was entered instructing the trustees "to pay the income from the trust estate in quarterly payments in the following proportions — one third to Janet H. Jones; one third to Bradford Jones; and one third to Margery Jones," and Janet H. Jones appealed.   She contends that she is entitled to one

half the income of the trust fund so long as she remains unmarried.

The decree of the Probate Court was right.

The instructions were properly limited to the present duties of the trustees. Decision of questions which may arise upon the happening of events in the future must await those events. *Hill* v. *Moors*, 224 Mass. 163, 165.

The natural meaning of the phrase to "pay the income in quarterly payments and in equal shares to my wife and two children" is that each of the three beneficiaries is to receive one third of the income. The words "two children," as here used, particularly when read in connection with the later words "my two children aforesaid," "my two children," and "said two children" as definitely refer to Bradford and Margery as if they had been named. The words "in equal shares," particularly when read in connection with the provision for equal division between the two children, if the wife remarries, of two thirds of the income which would have been hers if she had not remarried, apparently were intended to apply as between the two children as well as between the wife and the children. Since children, identified even though not named (see *Shattuck* v. *Wall*, 174 Mass. 167, 169), are to take the income in equal shares, they take it as individuals and not as a class, in the absence, as here, of a clear indication of a contrary intention, and the argument fails that the equal division of income is to be made between the wife on the one hand and the children as a class on the other. *Stanwood* v. *Stanwood*, 179 Mass. 223, 226; *Loomis* v. *Gorham*, 186 Mass. 444, 445–446; *Loring* v. *Dexter*, 256 Mass. 273, 278; *Boynton* v. *Boynton*, 266 Mass. 454, 460. On the contrary the words "in equal shares" are to be read as applying to the wife and the two children in the same manner as if the phrase in question had provided in terms for the payment of income in equal shares to Janet H. Jones, Bradford Jones and Margery Jones. By such language the wife would have taken one third of the income.

The view that the testator intended that his wife, if she did not remarry, should receive one third of the income of

the trust is supported by the provision for distribution of principal when the "two children arrive at the age of thirty-five years," for if the wife is then "living unmarried" one third of the principal is to continue to be held in trust for her benefit — the proper amount if she is to receive one third of the income of the trust, but an insufficient amount if she is to receive one half of such income. This argument, however, is somewhat weakened by the provisions, upon which the appellant relies, for distribution of income and principal if the wife remarries. In that event one third of the income which would have been paid to her if she had not remarried is to be paid to her and one sixth of the principal is to be retained for her benefit after the children arrive at the age of thirty-five. Obviously the share of the principal so retained would be proper if the wife while unmarried was to receive one half of the income of the trust, but too great if she was to receive only one third of such income. Thus the provisions applicable if the wife does not remarry and those applicable if she remarries are not consistent. There is, however, no reason why the natural meaning of the provisions applicable if the wife does not remarry should yield to the other provisions, but, on the contrary, the greater possibility of mathematical error in the provisions applicable if the wife remarries indicates that they are less likely to reflect the general intention of the testator.

The appellant, however, relying specially upon *Loring* v. *Coolidge*, 99 Mass. 191, contends that the gift of income to the two children should be regarded as a gift to them as a. class with survivorship, and not to them as individuals, in order to avoid an intestacy as to income if one child should die before such child's right to receive income had ended by reason of distribution of principal. But the terms of the trust in *Loring* v. *Coolidge* are materially different from those in the present case. See *Anderson* v. *Bean*, 220 Mass. 360, also relied on by the appellant. In the present case the gifts of income to the testator's children are not limited in terms to the lives of the respective beneficiaries, as were the gifts of income in the cases referred to. In this respect the case more nearly resembles *Stanwood* v. *Stanwood*, 179

Mass. 223, 226, where it was held that a child of the testator who was a beneficiary of income of a trust took a vested interest in such income which passed to her legal representative upon her death before the termination of the trust. See also *Thompson* v. *Martin*, 281 Mass. 41, 46. Since the gifts of income to the children are not in terms limited to their lives, an interpretation of the language as creating vested interests in such income in the children individually would be as effective to avoid an intestacy as to such income — even if, as we do not decide, partial distribution of principal is not required upon the death of a child before reaching the age of thirty-five — as would an interpretation of the language as making a gift to the children as a class. And a construction of gifts to children of the testator as vested is favored. *Stanwood* v. *Stanwood,* 179 Mass. 223, 226. Nor, as the appellant contends, does the possibility that, if the right to income vested in the children individually, the wife upon the death of one of them, even if she had remarried, might by reason of inheritance from such a child receive a larger part of the income of the trust than was given to her by the will in terms, lead to the conclusion that a gift of income to the children as a class was intended. There is nothing in the will to show that the mind of the testator was directed to the possibility that a child might die before the wife or before the time fixed for the termination of the trust and we cannot read into the will by conjecture an intention on his part to exclude his wife from an indirect benefit from his estate under those circumstances. See *Dove* v. *Johnson,* 141 Mass. 287, 290.

The provisions in regard to distribution of principal are not inconsistent with the children's taking income individually and not as a class and we are not now called upon to express any opinion as to present or future rights in the principal of the trust. The appellant does not contend that the decree is wrong in failing to instruct the trustees in regard to the payment of $5,000 to Bradford Jones, who reached the age of twenty-five in 1929, or that the provision for such a payment affects the proportion of income of the trust to which the appellant is entitled.

The request of the testator in his will that his wife be appointed guardian of the children if they are under twenty-one years of age at his death and the facts agreed upon as to the affectionate relations of the testator to his wife and children, his 'gifts to them during his lifetime, and their financial condition do not lead to a conclusion different from that which we have reached upon an examination of the language of the trust.

*Decree affirmed.*