ALFRED C. KNIGHT, trustee, *vs.* JOHN P. TRAVELL & others.[1] April 1, 1982. In 1940, Benjamin Lewis by deed conveyed land in Centerville to his "daughters, Mildred Lewis Travell . . . and Dorothy Lewis Chaplin . . . as tenants for life, remainder to their heirs forever." The parcel bordered on a lake and contained about 13,000 square feet with eighty-two feet of shore frontage.

Mildred Travell died on November 13, 1956. Dorothy Chaplin, born in 1902, filed a petition in the Probate Court on May 10, 1977, to sell the real estate. She, then unable to use the land, did not have funds to pay real estate taxes and insurance premiums. The town had initiated pro-

---

[1] Joann T. Eldredge and Dorothy Chaplin.

ceedings to take the property for taxes. Notice of cancellation of the insurance had been given. Mr. Alfred C. Knight (the trustee) was appointed trustee by the Probate Court "with authority in his discretion to sell" the land and to pay from the proceeds the reasonable expenses of the sale, to reimburse Dorothy Chaplin for certain improvements on the land, and to hold "the balance for the benefit of the persons who would have been entitled to . . . [the] land if such sale had not been made."

The land was sold for nearly $37,000. The expenses of sale were about $3,100. Various other adjustments (later approved by the probate judge), not now in dispute, were paid from the proceeds and by offsets against income payable to Dorothy Chaplin. The trustee on November 20, 1979, sought instructions (1) whether Dorothy Chaplin was entitled during her life to all the income from the remaining trust fund — or to only one-half the income (with the other half to be paid to the children of Mildred Travell) and (2) whether the trustee's attorney was to be paid his legal fee of about $2,000 out of the entire trust fund or only out of the fifty percent life interest of Dorothy Chaplin.

The parties agreed that the matter involved only legal issues and submitted the case to the probate judge on briefs essentially on the facts already stated. The probate judge ruled (a) that there were, under the 1940 deed, "implied contingent cross remainders for life between Benjamin Lewis'[s] two daughters," Dorothy Chaplin and Mildred Travell, (b) that, upon Mildred's death, Dorothy "took her sister's undivi[d]ed one half interest for life" in the land, with the proceeds of the sale held in the trust fund, and (c) that Dorothy is "entitled to income from the entire trust fund" for her life. The judge also found that the services of the trustee's attorney were of benefit to the trust estate and ordered that his fees be paid from the principal of the entire trust fund.

1. The meager language of the 1940 deed, and the limited record concerning the deed's background and the later conduct of the life tenants present significant problems of interpretation and construction. The 1940 deed conveyed the land to Lewis's daughters as "tenants for life" (emphasis supplied) with a "remainder" (expressed as a singular noun) to their heirs. Because of G. L. c. 184, § 5, the rule in *Shelley's Case*, 1 Co. Rep. 93b (1581), can have no application. Under G. L. c. 184, § 7, as in force in 1940 and today, the conveyance created life interests in common and not in joint tenancy. Because of the particular language of the gift, and the small size of the conveyed parcel (not readily lending itself to a partition) Lewis may be taken to have contemplated that the remainder would be transferred to the heirs of the life tenants *as a unit*. Some weight also may be given to the special interest of a father in his own children as contrasted with more remote descendants. In all the circumstances shown by the record, this case (although there appears to be no directly pertinent Massachusetts precedent) seems one appropriate for implying a cross remainder for life in the other life tenant upon the death of

the first life tenant to die. See 2A Powell, Real Property, par. 324, at 26.12 (Rohan ed. 1981), but compare his statement at 26.10 (1981); 1 American Law of Property § 2.15, at 128 (Casner ed. 1952); 2 Tiffany, Real Property § 334, n.18, at 59 (3d ed. 1939 & Supp. 1981); 2 Simes & Smith, Future Interests § 843 (2d ed. 1956 & Supp. 1981). See also *Loring* v. *Coolidge*, 99 Mass. 191, 192-193 (1868); Restatement of Property § 115 (1936); Gray, Rule against Perpetuities § 207 (4th ed. 1942). We perceive no sufficient reason for refusing to imply such a cross remainder under the provisions of this 1940 deed as fully as if the language of the deed had appeared in a will. See discussion in 2A Powell, *supra* at 26.14, and 2 Simes & Smith § 843, *supra* at 335 et seq.

2. The view we thus have taken makes it unnecessary to consider whether the heirs of Mildred Travell are barred by laches because they apparently permitted Dorothy Chaplin to pay the expenses of, and taxes upon, the land since Mildred's death in 1956. See Nolan, Equitable Remedies § 142 (1975).

3. The probate judge properly could award to the trustee's attorney the reasonable counsel fees connected with the sale from the whole trust fund. Mr. Knight was appropriately appointed trustee. See G. L. c. 183, § 49; Park, Real Estate Law § 122, at 141 (2d ed. 1981). On his petition for instructions, his fees and expenses can be paid from the funds in his hands. G. L. c. 215, § 39B.

4. The judgment is affirmed. Fees and expenses of counsel for the trustee on this appeal are to be paid from the trust fund in the discretion of the Probate Court.

*So ordered.*

*John V. Bonner* (*Joseph J. Reardon* with him) for John P. Travell & another.

*Peter A. Sundelin* for Dorothy L. Chaplin.