GEORGE W. W. DOVE & another *vs.* MARY A. JOHNSON & others.

Essex. Nov. 7, 1885. — March 1, 1886. FIELD & DEVENS, JJ., absent.

A testator, leaving a son, three married daughters, and two unmarried daughters, by his will gave to his son one sixth of the residue of his personal estate ; provided that, if one or more of his daughters should die before the probate of the will, leaving no issue, the share given to his son should be proportionally increased ; and "the remaining five sixths (or other portion, whatever the same may be) of such residue" he bequeathed to trustees in trust to pay the net income thereof, quarter-yearly or oftener, "to all my daughters in equal shares, and the issue of any deceased daughter shall take the mother's share ; " and further provided that, "after the decease of the survivor of my daughters," the

---

trust fund should be distributed to those persons " who may then take the same as my heirs." After the testator's death and the probate of the will, one of his daughters died unmarried, leaving a will, by which she bequeathed the residue of her property to one of her sisters. *Held*, that no part of the principal of the trust fund was to be distributed until the death of the survivor of the testator's daughters; that the direction to pay the income of " the remaining five sixths (or other portion, whatever the same may be) " of the residue " to all my daughters in equal shares," was a gift to the daughters as a class; and that, in the event which had happened, the surviving daughters took the whole income.

BILL IN EQUITY, by the trustees under the will of John Dove, deceased, to obtain the instructions of the court as to the construction of the eighth clause of his will, which was as follows: " I bequeath to my son George one sixth part of all the residue of my personal estate. But if one or more of my daughters should die before probate of this will, leaving no issue, then the share or portion hereby given to George shall be proportionally increased. The remaining five sixths (or other portion, whatever the same may be) of such residue, I bequeath to my executors and trustees hereinafter named, and their heirs, in trust for the following purposes, to wit: to keep the same at all times safely invested, and to pay the income arising therefrom, quarter-yearly or oftener, at the election of said trustees, to all my daughters in equal shares, (having first deducted all expenses arising from the management of said trust,) and the issue of any deceased daughter shall take the mother's share. After the decease of the survivor of my daughters, the trust fund created by this item shall be distributed to those persons who may then take the same as my heirs."

The other clauses of the will bearing upon the questions presented were as follows:

" Third. To those of my daughters living at my decease and remaining till then unmarried I bequeath the sum of seven thousand five hundred thirty dollars each, that being the sum which I gave to each of my married daughters at their marriage."

" Fifth. I devise to my son George that portion of my land now enclosed within the boundary fence of his homestead.

" Sixth. I devise to those of my daughters who shall not have married at my decease all the residue of my real estate, to have and to hold the same to them and the survivor of them for their lives and during the life of such survivor, they and the survivor of them continuing unmarried. The marriage of any one of my

daughters who take under this item shall terminate her interest and life estate under this devise. After the marriage or death of my surviving daughter taking under this item, the estate herein devised shall descend to those persons who may then be entitled to take the same as my heirs.*

" Seventh. I bequeath to my unmarried daughters all the live stock, horses, carriages, tools, implements, fixtures, furniture, plate, library, and all other personal property of whatever name or nature pertaining to my homestead and used in connection therewith, to have and to hold the same in like manner, and upon the same terms and conditions, as they hold the real estate named in item sixth above."

By the tenth clause the plaintiffs were nominated executors and trustees of the will.

It appeared from the bill and answers, on which the case was reserved by *C. Allen*, J., for the consideration of the full court, that the said will was duly admitted to probate on December 18, 1876; that the plaintiffs were appointed trustees under the eighth clause of the will on July 2, 1877 ; that, at the time of the death of the testator and of the probate of his will, the only children, heirs at law, and next of kin of the testator were the plaintiffs George and Isabella, and the defendants Mary, Laura, Clara, and Helen C.; that Helen C. and Isabella were the only daughters then unmarried ; that Helen C., since the probate of the will of the testator, has died unmarried, leaving a will by which she bequeathed the residue of her estate to her sister Isabella.

The questions presented were, whether, on the death of Helen C., the persons interested were entitled to an immediate distribution of the whole or of any part of the capital of the trust fund, and, if so, to whom and in what proportions such distribution should be made ; and whether, on said death, it became the duty of the plaintiffs to pay the whole of the net income of the trust fund thereafter accruing to the four surviving daughters, or whether the share thereof, to wit, one fifth part, which until then had been paid to the said Helen, should in future be paid either to the executor of her will or to the plaintiff Isabella, as

---

* See *Dove* v. *Torr*, 128 Mass. 38.

residuary legatee thereunder, or whether the said share of Helen should be divided among the four surviving daughters and the plaintiff George, and, if so, whether it should be divided in fifths or sixths, and whether said Isabella is entitled to two sixths or to one fifth of said share.

*R. M. Morse, Jr.*, for George W. W. Dove and his children.

*S. Lincoln*, for the three married daughters of the testator.

*L. S. Tuckerman*, for Isabella Dove and the executor of the will of Helen C. Dove.

*W. Perry*, (*A. L. Huntington* with him,) for the minor children and unborn issue of the daughters of the testator.

HOLMES, J.   The last sentence of the eighth clause of the will plainly means that the whole trust fund is to be kept together, and no part of the principal distributed, until the death of the survivor of the testator's daughters.

It is no less plainly one purpose of the eighth clause to dispose of the whole income up to the moment of distribution, and, when this purpose will be effected and a partial intestacy avoided by reading the words in their natural sense, we must not be deterred by the conjecture that some remote consequences were not in the testator's mind, or might not have been quite satisfactory to him, if he had thought of them.

A majority of the court are of opinion that, if the words are read in their natural sense, the direction to pay the income of "the remaining five sixths (or other portion, whatever the same may be)," after taking out George's share, quarter-yearly or oftener, "to all my daughters in equal shares," is a gift to the daughters as a class; and that, in the event which has happened, of the death of a daughter unmarried, the survivors take the whole income.   It is very plain that George was not intended to have any part of the income of this "other portion," as he would have if there were held to be any intestacy as to the deceased daughter's share.   The provision that "the issue of any deceased daughter shall take the mother's share," whatever its scope, raises no difficulty, but simply makes a sub-class of such issue, and puts them in place of their mother.   See *Hall* v. *Hall*, 140 Mass. 267.   If it has any effect, it is to show that it is assumed that the share would go over but for such provision.   The words "in equal shares" do not affect the question.   They simply

determine the proportions in which the income is to be divided. See *Loring* v. *Coolidge*, 99 Mass. 191; *Jackson* v. *Roberts*, 14 Gray, 546, 551; *Dow* v. *Doyle*, 103 Mass. 489. It is true that the event which has happened is not specifically provided for, but, upon our interpretation, it was not necessary to provide for it specifically.

It is objected that, if the deceased daughter's share of the income goes to the other daughters, the equality which the testator seems to have desired is not preserved. Especially it is said that, so far as the testator expressed himself, he showed a disposition to give George at least as large a share as his sisters; that his share of the income will be less than theirs; and that, if this is not a sufficient reason for declaring a partial intestacy as to the deceased daughter's share, so as to let in George, it is one for holding her representatives entitled, and thus preserving the equality. But, as we have intimated already, we cannot carry the testator's disposition further by conjecture than it is expressed, and then, in order to satisfy the wish which we have imagined, give words a different meaning from that which they would have had otherwise. A slight temporary inequality caused by the secondary division of one share must be regarded as an accident which the testator did not provide against, perhaps because he did not think it worth while.

It follows, of course, from what we have said, that we find no reason, in the disposition made of the income, for disappointing the testator's expressed wishes, and ordering any part of the principal to be distributed now.

*Decree accordingly.*