THE GREENWICH TRUST COMPANY, TRUSTEE, *vs.*
A. L. SHIVELY, EXECUTOR, ET ALS.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 6th—decided October 8th, 1929.

*Walter N. Maguire,* for the plaintiff.

*David Day,* for the defendants A. L. Shively and Estella Converse, executors. and Estella Converse, individually.

*Ralph Royall* of New York City, for the defendant Bankers Trust Company, executor.

*Mark W. Norman,* for the defendant Roger A. Converse.

WHEELER, C. J.   Two of the questions reserved for our advice were determined upon a former construction of the will of the testatrix, namely, that the plaintiff, substituted trustee, "has the same rights, privileges, powers and duties with reference to the payment of the principal and income of the trust [fund] as did the original trustee," and that the provisions for the payment of income and principal to the wife of the son of the testatrix, Edmund C. Converse, Jr., were for the personal benefit of the wife of the son, Estella Converse, who took the place of the divorced wife of the son. *Greenwich Trust Co. v. Converse,* 100 Conn. 15, 28, 122 Atl. 916.   The scheme of the trust fund, created by the will of Edmund C. Converse and construed by us in *Cromwell v. Converse,* 108 Conn. 412, 143 Atl. 416, for the benefit of Edmund C. Converse, Jr., the life tenant, was very similar to the trust fund created by the testatrix for the same life tenant in the will before us for construction.   The question there determined as to the distribution of the income accrued prior to November 2d, 1926, the date of death of Edmund C. Converse, Jr., is the ques-

tion we are here asked to answer. The considerations which led us to hold that the testator in that case intended that the income from the trust fund arising prior to the decease of the life tenant should be paid to the executors of Edmund C. Converse, Jr., were dependent upon the special facts of that case, that the trustees had at the beginning of their administration decided to pay the entire income to Edmund C. Converse, Jr., for his maintenance and support and set up on books of account opened for this and other trusts an income account for him and thereafter credited all income as it accrued to him. We held that each credit made was a reaffirmation of the decision by the trustees made at the beginning of their trusteeship, revocable in the lifetime of the life tenant but irrevocable at his decease. The facts in this case merely state that there was an amount to the credit of Edmund C. Converse, Jr., in the hands of the trustees accrued and uncollected of a stated amount. This falls short of the facts of the other case; as a consequence, we cannot agree with the admission of counsel for the Bankers Trust Company that this decision controls the present case. Some of its reasoning, it is true, is equally applicable here. Quite manifestly the testatrix intended all of the income from this fund, accrued in the lifetime of the son, to be devoted by the trustee to the support and maintenance of her son and of his wife and children. The trustee was given power to make this, and only this, disposition of this income. The trustee was in duty bound to dispose of the net income which had accrued at the death of Edmund C. Converse, Jr., (1) in the payment of any debts or obligations of Edmund C. Converse, Jr., incurred by him for the support and maintenance of himself, his wife and children, and (2) for the support and maintenance of his wife and children in such

proportion and in such manner as the substituted trustee may deem for their benefit.

The entire income, which had accrued, and whether collected or not, from the trust fund provided for in Article Fifth to the wife of Edmund C. Converse, Jr., surviving him, was payable to Estella Converse during her lifetime or until she remarried, and upon her decease or marriage to her estate. Since this wife might not be in being at the death of the testatrix, the defendant executors claim the limitation upon her life "is too remote and violates the rule against perpetuities." The claim can only be sustained provided (1) the nonexistence of the wife at the decease of the testatrix offends this rule, or (2) the existence of the estate in the wife at his death offends this rule by bringing the estate in her beyond the period limited by the rule. We have held that the vesting is not required to be ascertainable at the testatrix's death but only within the period limited by the rule.

The statement of our rule is unequivocal. "The plaintiff claims that the will contravenes the common-law rule against perpetuities. That the legal estate vested upon the death of the testator in his executors is, in respect to this point, immaterial. The law searches out the beneficial estate and demands that this shall vest within a life or lives in being and twenty-one years (or, as the case may be, twenty-one years and the period of gestation) thereafter. It does not demand that the particular individuals in whom it must be vested shall be definitely ascertainable at the testator's death. It is enough if it is certain that they will be definitely ascertainable within the period limited after that event." *Bates* v. *Spooner*, 75 Conn. 501, 505, 54 Atl. 305.

The second ground in support of this claim is equally untenable. The period of the rule must begin

"within lives in being and twenty-one years, although it may end beyond them," therefore it is not obnoxious to the rule. The Rule against Perpetuities, Gray (3d Ed.) p. 207; *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 272. 135 Atl. 555. When in *Loomer v. Loomer,* 76 Conn. 522, 57 Atl. 167, the validity of a trust was attacked as a restraint against alienation, we said (p. 527): "There is no rule which limits the continuance of a trust to any period of time. A trust is no more invalid for the reason that it may continue thirty years than is a life estate or estate in fee simple. The essential thing is that the beneficial interest under the trust vest in the *cestui que trust* within the time limited by law for the vesting of legal estates." A similar holding was made by the Supreme Judicial Court of Massachusetts in *Gray* v. *Whittemore,* 192 Mass. 367, 78 N. E. 422, upon almost identical facts.

The remainder of the trust fund under this Article is distributable, upon the death or remarriage of the wife, Estella Converse, "among the issue of my said son in equal shares per stirpes and not per capita." "Issue," under our decisions, is construed as a word of purchase, unless the context shows it to have been used as one of limitation. As a word of purchase its primary and therefore presumptive meaning is heirs of the body, and includes descendants of any degree. Neither in the will nor in the surrounding circumstances is there anything evincing an intention on the part of the testator to use the term issue in its limited sense for children or grandchildren. *Middletown Trust Co.* v. *Gaffey,* 96 Conn. 61, 66, 112 Atl. 689; *Bartlett* v. *Sears,* 81 Conn. 34, 70 Atl. 33; *Bankers Trust Co.* v. *Greims, ante,* p. 36, 147 Atl. 290. It cannot be ascertained in whom the remainder would vest at the death of the life tenant Estella Converse. It might vest in descendants of any degree; it might,

for example, include grandchildren born after the death of Edmund C. Converse, Jr. Such vesting would be obnoxious to the rule because beyond its limited period. Since the disposal of the remainder under this Article of the will of the testatrix is invalid, the remainder passed under Article Seventh, the residuary clause of the will of the testatrix, to the defendant Bankers Trust Company, as surviving executor of the will of Edmund C. Converse.

We answer the questions as follows: 1. The same as the original trustee. 2 and 3. Yes, as set forth in the opinion. 4. Yes. 5. No. 7. The substituted trustee shall pay over the remainder of the principal of the trust fund upon the death or remarriage of Estella Converse to Bankers Trust Company, sole surviving executor of the will of Edmund C. Converse. 9. No.

Other questions, in view of the answers to the above questions, do not require answer.

In this opinion the other judges concurred.