The Travelers Bank and Trust Company et al., Trustees (Will of Mary A. Dunham) v. Sylvia P. Birge et al.

Brown, Jennings, Ells and O'Sullivan, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

22

Argued April 8—decided August 16, 1949.

*V. J. Sacco,* for the appellants (defendants Priscilla L. Dunham et al.)

*Hugh M. Alcorn, Jr.,* for the appellee (defendant Sylvia D. Birge individually and as guardian ad litem).

*Benjamin Hinman,* for the appellees (plaintiffs).

ELLS, J. The plaintiffs, trustees under the will of Mary A. Dunham, late of Hartford, brought this action for advice as to their duties and obligations in relation to the payment of certain income. The will directed the trustees to pay so much of the net income of the trust in question "as they in their discretion shall deem necessary for the maintenance, support, care and welfare of my grandchildren, Sylvia Dunham Birge and Donald A. Dunham Jr., with an obligation . . . to add any unexpended income to the principal of said Trust." Mrs. Dunham died in 1931 and the trustees paid income in equal parts to the named beneficiaries until Donald Dunham, Jr., died in 1944 leaving a wife and three minor children. Sylvia Dunham Birge and her two minor children are living. The first

question upon which the trustees sought advice was whether they were authorized and empowered in their discretion to pay any portion of the income of the trust to the surviving children of Donald Jr. The second question was whether the executrix of the will of Donald Jr. has any right or interest in any portion of the income which had accumulated at the time of the death of Donald Jr. The Superior Court answered both questions in the negative, and Donald Jr.'s children and his widow as executrix of his will have appealed.

Additional facts helpful to a determination of the first issue are as follows: The real estate and the personal belongings contained in the home of the testatrix were given to the grandchildren, eo nomine, and the residue of the estate was given to the plaintiff trustees with direction to create two trust funds, one consisting of two-thirds of the residue and the other consisting of the remaining one-third. The first was designated as "Trust A" and the second as "Trust B." The beneficiary of trust A was Donald A. Dunham, the son of the testatrix, and the beneficiaries of trust B were his two children, Sylvia Dunham Birge and Donald A. Dunham, Jr., the grandchildren of the testatrix; otherwise the language was essentially the same except that trust A was for the benefit of her son "during his lifetime." Upon the death of the son, who is still living, it is provided that the trusts are to be merged and held on the same trusts as trust B. The will further provides that the consolidated trust shall terminate "upon the death of both of my grandchildren, Sylvia Dunham Birge and Donald A. Dunham, Jr.," and that thereupon one-half of the trust fund shall be divided equally among the surviving children of Sylvia and the remaining one-half equally among the surviving children of Donald Jr., with the proviso that, if either dies leav-

ing no issue, then on the death of the other the entire fund shall be divided among his surviving children. There is a further provision in the will that no part of principal or income of the trust "shall be subject to anticipation, alienation or assignment by any beneficiary, or subject to claims of the creditors of any beneficiary."

The will contains no provision for the payment of income to great-grandchildren unless it may be found in the use of the word "welfare." The children of Donald Jr. contend that the trustees are given absolute discretion not only as to how much of the income shall be paid out but as to the purposes for which it shall be paid, so long as those purposes, in the judgment of the trustees, are related to the welfare of Donald Jr. or Sylvia; that the welfare of the father or mother cannot be distinguished from the welfare of their dependent children; and that it is reasonable to assume that, in the event of the early death of one of the two grandchildren leaving surviving children, the testatrix intended that the trustees should have discretion to determine that the welfare of the parent was still bound up in the welfare of the children. The claim places undue emphasis on the word welfare. The discretionary income is for the "maintenance, support, care and welfare" of the two grandchildren. Payment for any of these four purposes may result in benefit to dependent children, but it does not follow that upon the death of the parent his or her share of the income shall pass to his or her dependent children. Payments for the maintenance, support and care of Donald Jr. necessarily terminated upon his death. We cannot free the word "welfare" from its context and extract from it an intention of the testatrix that the children of Donald Jr. are to receive their father's share of the income. The will does not so provide.

We are not here presented with the question whether the trustees in the exercise of their discretion, when making payments for the support of Donald Jr. while alive, should have taken into account the fact that he had a wife or children dependent upon him. He is now relieved of all obligation to support his children. There are no grounds of public policy under which the trustees should be authorized to expend the trust funds for the support of his minor children.

A further claim is that the rights accorded to great-grandchildren in the principal of the fund upon the termination of the trust show an intent to treat them equally as long as the trust existed. The will provides that the trust income shall be paid to the grandchildren and that upon the termination of the trust one-half of the principal shall be divided equally among the surviving children of each grandchild and if either dies leaving no issue then the whole to the surviving children of the other. The language as to the disposal of the income is plain and unambiguous. The testatrix considered the possibility of great-grandchildren and gave them an interest only in the ultimate distribution of the principal of the trust estate. She treated the surviving children of each grandchild equally, per stirpes; she made no provisions that any of them were to share in income; she did provide that they were to share equally in the principal.

Payment of a portion of the income to the children of a deceased life tenant would not be unfair or unusual; but the testatrix did not so provide. On the contrary, in three separate clauses of her will she expressly and specifically limited the payment of income to her two grandchildren. It was almost inevitable that one grandchild would predecease the other and quite possible in human experience that such grandchild would leave issue. Whether or not the testatrix

may have thought this contingency through, the inescapable fact remains that she did not overlook the possibility of great-grandchildren but expressly limited their participation to a share in the ultimate distribution of the trust, principal and accumulations. Even had she inadvertently failed to leave prospective great-grandchildren properly provided for, it would not be within our province to provide for them. The language of the will is controlling. "When the purpose of the testator is reasonably clear by reading the words in their natural sense, 'we must not be deterred by the conjecture that some remote consequences were not in the testator's mind, or might not have been quite satisfactory to him, if he had thought of them.' Holmes, J., in *Dove* v. *Johnson,* 141 Mass. 287, 290 [5 N. E. 520]." *Anderson* v. *Bean,* 220 Mass. 360, 363, 107 N. E. 964.

The answer given by the trial court was correct.

On the trial the defendants produced in chief Donald A. Dunham, Sr., son of the testatrix and father of Sylvia Dunham Birge and Donald A. Dunham, Jr. Counsel attempted to have him testify as to certain conversations which took place between him and the testatrix prior to the execution of the will, for the purpose of showing that the testatrix then made certain declarations of intent with regard to her great-grandchildren. This evidence the trial court refused to admit, and its refusal is made the basis of an assignment of error. Our rule relating to the issue thus presented is discussed at length in *Stearns* v. *Stearns,* 103 Conn. 213, 221, 130 A. 112. "We admit parol evidence of the meaning of the testator in the use of some term or word in a will when the meaning is equivocal or ambiguous. That is a very different proposition from that which would substitute in place of the term or word another term or word not used by the testator,

or add to a term or a clause an omission." There is no ambiguity in the present will which would permit the introduction of the proffered testimony. To add new income beneficiaries would not be to explain the will but to remake it. The evidence was offered in an attempt to establish an intent contrary to the terms of the will. The circumstances of this case illustrate the wisdom of the rule; if such evidence based on a recollection of oral conversations which took place nearly eighteen years before was admissible, no will would be safe from change at the caprice of human memory. The same rule governs the claim that the testatrix failed to provide income for the great-grandchildren through mistake, oversight or inadvertence. "The rule is, we believe, universal, that parol evidence of intent cannot be admitted to supply a possible defect or omission in a will occurring through mistake or inadvertence whether of the testatrix or the scrivener. This was declared to be the law of the jurisdiction nearly one hundred years ago and it has remained our law ever since." *Stearns* v. *Stearns*, supra, 223.

The second basic issue of the appeal concerns the rights of the estate of Donald A. Dunham, Jr., in certain income which at the time of his death the trustees had accumulated in a memorandum account standing in his name. The trial court concluded that his estate had no right to money accumulated but not paid to him prior to his death. The pertinent facts are these: Trust B is a spendthrift trust with a discretion in the trustees and an obligation to add any unexpended income to the principal of the trust. For a period of about fifteen years, the trustees, for administrative purposes, had divided the entire income into two equal parts, had credited one part to a memorandum account in the name of Donald A. Dunham, Jr., and one to a memorandum account in the name of Sylvia Dunham

Birge, and had paid income in equal parts to the two beneficiaries. At the date of the death of Donald Jr., August 1, 1944, the credit balance in the memorandum so carried in his name was $5383.70. After his death the trustees filed an accounting as of August 1, 1944, in the Probate Court. The credit balance of $5383.70 theretofore carried in the memorandum account in the name of Donald A. Dunham, Jr., was shown as transferred to the principal of trust B. The Probate Court has not yet acted upon the account and is awaiting the outcome of this case. The trial court found that the credit balances heretofore described were so carried by the trustee bank solely for administrative convenience and were not segregated or earmarked for payment to the respective beneficiaries. The executrix of the estate of Donald Jr. asks us to correct the finding to state that the balance of $5383.70 carried in his name was allocated to his account and earmarked for payment to him. The only evidence is that of an associate trust officer of the trustee bank. He testified that these separate income accounts were kept for the trustees' own convenience and that there was never any allocation of the funds until actual payments were made; that this was so because they had discretion under the will to pay, at any time, more than half of the total income to one or the other of the beneficiaries according to their needs. The court's finding is supported by undisputed evidence and must stand. It follows that the conclusion of the trial court was correct. *Willis* v. *Hendry*, 127 Conn. 653, 674, 20 A. 2d 375; *Greenwich Trust Co.* v. *Shively*, 110 Conn. 117, 122, 147 A. 367.

There is no error.

In this opinion the other judges concurred.