HARTFORD NATIONAL BANK AND TRUST COMPANY, TRUSTEE (ESTATE OF RICHARD J. DEVITT) *v.* JAMES F. DEVITT ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 9—decided June 24, 1958

*Arthur T. Gorman,* with whom was *Edwin F. Raffile, Jr.,* for the appellants (defendants John F. Devitt et al.).

*Charles F. Dana,* with whom, on the brief, were *Alvin C. Leone* and *John W. Joy,* for the appellee (defendant James F. Devitt).

*Willis G. Parsons, Jr.,* appeared for the plaintiff.

BALDWIN, J. This is an action brought by the plaintiff, as trustee, to construe a will. The trial court rendered judgment construing the will essentially in accordance with the claims of the defendant James F. Devitt, and the other defendants have appealed.

The testator, Richard J. Devitt, died on September 9, 1952. His will, dated April 11, 1950, was duly admitted to probate. He left his widow, Mary N. Devitt; two nephews, the defendants James F. Devitt and John F. Devitt; two grandnieces, the defendants Muriel Devitt Raffile and Helenmarie Devitt Stratton, children of John F. Devitt; and a grandnephew, Richard J. Devitt, son of James F. Devitt. Besides making provision for the payment of funeral expen-

ses and debts other than mortgage debts, for the care of a cemetery lot, and for a small bequest to a niece, the testator devised certain real estate in East Hartford to his nephew James F. Devitt, together with a cash bequest of $1000. He bequeathed $1000 to Richard J. Devitt, James's son. To his wife he made a cash bequest of $5000 and gave to her a life use of the residence occupied by them at his death. At her death a life use was to continue in James, if he survived the widow, and at James's death the property was to become a part of the corpus of a trust through which the testator disposed of the residuum of his estate.

This trust is established by the ninth paragraph of the will, which reads as follows: "All the rest, residue and remainder of my property, real and personal, of whatsoever nature and wheresoever situated, I give, devise and bequeath to The Hartford National Bank and Trust Company of Hartford, a national banking association organized and existing under the national banking act of the United States and located in the Town and County of Hartford, and State of Connecticut, In Trust, to hold, receive, sell, invest and reinvest said trust estate and the proceeds thereof without limitations to so-called trust investments, and after the payment of administration expenses shall pay over the net income to or for the benefit of my said wife, Mary N. Devitt, of East Hartford. In the event that the income from said trust fund does not equal the sum of Two Hundred (200) Dollars per month, then I authorize and direct my Trustee to pay my said wife, so much of the principal of said Trust Fund as may be necessary to make total monthly payments to my wife of Two Hundred (200) Dollars each with power in said Trustee, in its sole uncontrolled discretion, to pay from

time to time, any part or all of the principal of this trust estate for her more comfortable care, support, and maintenance or in case of her illness, or other contingency. If, upon the death of the survivor of my wife and myself, my said nephew James Francis Devitt shall then be living, said Trust shall be continued in the same manner as above set forth for his benefit, except that the monthly payment shall not exceed One Hundred and Fifty (150) Dollars. If he should predecease the survivor of my wife and myself, or upon his decease, subsequent to the death of my said wife, this Trust shall end and terminate and the Trust Fund and all property in said Trust shall thereupon be paid and given to my nephew John F. Devitt of New Haven, Connecticut, or in the event of his prior decease, to such of his children as may then be living, in equal parts."

The crucial question is whether James's participation in the trust is limited to the income from it payable monthly, "except that the monthly payments shall not exceed One Hundred and Fifty (150) Dollars," or whether he is entitled to $150 each month, even though it becomes necessary, in order to pay this amount, to invade the principal or to apply any accumulated surplus of income, and is also entitled to such further sums as the trustee may in its discretion find to be necessary for his comfortable care, support or maintenance, or in case of his illness or other contingency. In other words, is James's income from the trust limited to the income but in no event to exceed $150 per month, or is he to receive the same benefits from the trust fund as the testator provided for the widow? The widow died on March 9, 1954, and the trustee has been paying James $150 each month although the income has been less than this sum. The questions pro-

pounded to the trial court are set forth below.[1]

The cardinal rule to be followed in construing a will is to find and effectuate the intent of the testator. In seeking that intent, the court looks first to the will itself and examines the words and language used in the light of the circumstances under which the will was written. *Chase National Bank* v. *Guthrie,* 139 Conn. 178, 182, 90 A.2d 643; *First National Bank & Trust Co.* v. *Parish of St. Thomas' Church,* 141 Conn. 489, 497, 107 A.2d 246. To ascertain the intent of a particular provision, the will must be read as a whole to discover whether it discloses an underlying intent which should be considered in finding the meaning to be accorded to the particular language under consideration. *Bankers Trust Co.* v. *Pearson,* 140 Conn. 332, 345, 99 A.2d 224.

The decision of the case turns upon the interpretation of the testator's direction, in the ninth paragraph of the will, that "said Trust shall be continued in the same manner as above set forth for his

---

[1] "(a) Is the defendant James Francis Devitt entitled to only the net income from said trust?

"(b) If the net income of said trust in any one month should exceed $150., is the Trustee required to distribute $150. to the defendant James Francis Devitt and accumulate the balance and add it to the principal of the trust estate, or should the Trustee retain the balance and pay it to the defendant James Francis Devitt in any month or in a month when the net income of the trust estate is less than $150?

"(c) If the net income of the trust estate in any one month is less than $150., is the Trustee required to use principal to make a monthly payment of $150. to the defendant James Francis Devitt?

"(d) Is the Trustee required to distribute the net income of the trust estate monthly to the defendant James Francis Devitt?

"(e) Is the Trustee authorized in its sole uncontrolled discretion to pay from time to time any part or all of the principal of the trust estate for the comfortable care, support and maintenance of the defendant James Francis Devitt or in case of his illness or other contingency?"

[James's] benefit, except that the monthly payment shall not exceed One Hundred and Fifty (150) Dollars." This language expresses an intention that the operation of the trust is to be maintained and the payments provided for the widow made to James after her death. The fact that the testator expressed only one exception, namely a reduction in the amount of the monthly income, when he could have included others supports this view. More significant, however, is the testamentary plan of the will as a whole. There are no bequests to children, and apparently the testator's marriage was a childless one. Therefore it was natural for him, first, to make adequate provision for his widow's care and comfort. This he does by giving to her a substantial monetary bequest, the life use of their home, a guaranteed income of $200 a month from the trust fund and so much of the principal as his trustee might think necessary for her in any contingency. In fact, if she had survived the testator by many years, it would have been possible that a very substantial part of the trust fund would have been used for her sole benefit. Apparently his nephew James came next in the affections of the testator. He made a bequest of $1000 to James's son, Richard, who bore his name. He bequeathed $1000 to James and devised real property to him and the life use of the testator's home after the widow's death. These dispositions to James parallel those made to the widow and indicate that, next to her, the testator preferred James. There is no disposition to John or his children by which they could acquire an immediate enjoyment following the testator's death. The benefit they were to receive would come only after James's enjoyment, and then it would be only so much of the corpus of the trust as remained following James's death. The construction

placed upon the will by the trial court was correct. There is no error.

In this opinion DALY, C. J., KING and MELLITZ, Js., concurred; MURPHY, J., dissented.