## STEPHEN T. HUBER ET AL. *v.* ST. LABRE INDIAN SCHOOL EDUCATIONAL ASSN. ET AL.
### (2565)

DUPONT, C.P.J., HULL and DALY, Js.

Argued February 15—decision released July 2, 1985

*Eugene C. Cushman,* with whom was *John C. Carta,* for the appellant (named plaintiff).

*Gordon M. Lucey,* for the appellees (defendants).

DUPONT, C.P.J. This case presents the question of whether the trial court erred in dismissing the named plaintiff's[1] probate appeal from a decree denying the executor's application to sell certain real property.

---

[1] The executor of Cleo M. Millerbaugh's estate, H. Judson Carr, was also named as a plaintiff but is not involved in this appeal. Stephen T. Huber is hereinafter referred to as the plaintiff.

The executor of the estate of Cleo M. Millerbaugh moved pursuant to General Statutes §§ 45-238[2] and 45-241[3] for an approval of a private sale of certain property to the plaintiff. The terms of the sale were alleged to be in accordance with the testatrix' intent as expressed in her will. The relevant testamentary language was as follows: "FIFTH: If I own the house on Ferry Road in Old Saybrook, Connecticut presently occupied by me as my home at the time of my death, I direct that said property (three acres, more or less), the house and outbuildings with all of their contents, lock, stock and barrel, be sold, preferably to someone who would live in the house and who would appreciate its historical significance, but in any event to a buyer who meets with the approval of Celia Jacobs Stevenson, now or formerly of North Granby, Connecticut 06060.

"Stephen T. Huber of East Lyme, Connecticut, if he survives me, is to have first refusal to buy the property (three acres, more or less) and the house and out-

[2] General Statutes § 45-238 provides in pertinent part: "(a) Upon the written application of the conservator of the estate of any incapable person, guardian of the estate of any minor, administrator or trustee appointed by the court, including a trustee of a missing person, or the executor or trustee under any will admitted to probate by the court, after public notice and other notice which the court may order and after hearing, the court may authorize the sale or mortgage of the whole or any part of, or any easement or other interest in, any real property in this state of any incapable person, minor, missing person, deceased person or trustee, or of any real property the legal title to which has been acquired by such administrator, executor or trustee, if the court finds it would be for the best interests of the parties in interest to grant the application."

[3] General Statutes § 45-241 (a) provides: "The court of probate in ordering a sale under the provisions of sections 45-238, 45-240 to 45-244, inclusive, and 45-271d shall direct whether the sale shall be public or private. If a public sale is directed, the court shall direct the notice thereof which shall be given. If a private sale is directed, the court may, if it appears to be for the best interests of the estate, determine the price and the terms of the sale, including purchase money mortgage or mortgages, as it considers reasonable and advisable."

buildings with all of their contents, lock, stock and barrel, at a price deemed reasonable to him; provided the price meets with the approval of Celia Jacobs Stevenson. I direct that Celia Jacobs Stevenson be reimbursed for any expenses which she may incur as a result of this provision, and that she also receive a reasonable fee for her services."

The Probate Court, after notifying the interested parties and holding a hearing, denied the application to sell the property privately. The executor and the plaintiff pursuant to General Statutes § 45-288 appealed that denial to the Superior Court, which affirmed the denial.

The Probate Court stated its reasons for denying the application. The first reason was that the pertinent clause in the will, particularly the language "first refusal" was ambiguous and therefore the will had to be construed which was beyond its jurisdiction. It also reasoned that the sale price was significantly below the appraised value and, consequently, that the best interests of the charitable residuary beneficiary, the defendant St. Labre Indian School Educational Association, would not be served by such a sale.

The Superior Court, sitting as an appellate court of probate, construed the will and held that the relevant testamentary language concerning the right of first refusal was void for uncertainty. Furthermore, it implicitly found Celia Jacobs Stevenson was a fiduciary and owed a duty to all the beneficiaries of the estate, which she breached by agreeing to a sale price well below the appraised value and by purchasing certain personalty from the estate through the plaintiff. Additionally, the court found that the executor sold personalty to the plaintiff separately, contrary to the express provisions of the testatrix' will.

On appeal, the plaintiff claims that the trial court erred in concluding (1) that the clause in the testatrix'

will concerning the right of first refusal to purchase the property was void, (2) that Stevenson breached a duty owed to the other beneficiaries, and (3) that the executor violated the express provisions of the will. The defendants filed, pursuant to Practice Book § 3012, a preliminary statement of issues presenting alternate grounds for upholding the Superior Court's decision and, in the event a new proceeding is required, they presented for review several adverse rulings.[4]

The central issue on appeal is whether the trial court erred in construing the relevant testamentary language.[5] Before addressing the merits of this issue, this court must determine whether the trial court acted within its jurisdiction. The Probate Court denied the application for a private sale since the request required the Probate Court to engage in a construction of the will. The plaintiff and the executor, rather than commencing an action to construe a will, as directed by the Probate Court, took an appeal pursuant to General Statutes § 45-288.

"The General Assembly has not empowered them [Probate Courts] to determine directly and conclusively the construction to be given to wills and codicils." *Burnham* v. *Hayford,* 141 Conn. 96, 100, 104 A.2d 217 (1954). Probate courts are without jurisdiction to construe a will unless the construction "is merely incidental to the determination of a matter within the court's express statutory jurisdiction." Id., 100–101; see *Hart-*

---

[4] In light of our holding that the trial court exceeded its jurisdiction by construing the will, this court does not reach the issues presented involving alternate grounds on which the trial court's decision may be upheld.

[5] Courts regularly construe wills, divining the testatrix's intent by examining the language used and the relevant surrounding circumstances. *Kane* v. *Kane,* 107 Conn. 716, 721, 142 A.2d 466 (1928). It is a rare case where a will provision cannot be given effect because it is void for uncertainty. Other jurisdictions have been able to interpret similar testamentary language to that at issue here. *Weiskircher Estate,* 384 Pa. 619, 122 A.2d 60 (1956); *Snyder* v. *Snyder,* 75 Iowa 255, 39 N.W. 297 (1888); annot., 13 A.L.R. 4th 947.

*ford National Bank & Trust Co.* v. *Willard,* 175 Conn. 372, 383, 398 A.2d 1186 (1978). "In an appeal from probate, the Superior Court exercises the limited statutory jurisdiction of the Probate Court." *Marshall* v. *Kleinman,* 186 Conn. 67, 69, 438 A.2d 1199 (1982); 1 Locke & Kohn, Connecticut Probate Practice § 216.

In this case, the Probate Court, recognizing that it had no power to construe a will, and that any construction was not incident to a determination of to whom a sale should be made within the express statutory authority of General Statutes § 45-238, correctly directed that the plaintiff and the executor bring an action to construe the will. Here, the testatrix' will provided the executor with power to sell the real estate without the approval of the Probate Court.[6] The trial court, therefore, exceeded its jurisdiction by construing the testatrix' will since that construction was not merely incidental to deciding whether to authorize a sale. Although the trial court arrived at the correct result, the judgment is affirmed on different grounds. *Satti* v. *Rago,* 186 Conn. 360, 369, 441 A.2d 615 (1982).

There is no error.

In this opinion the other judges concurred.

---

[6] Paragraph eight of the will provided the executor the power to sell any realty or personalty of the estate.