H. Judson Carr, Executor (Estate of Cleo M. Millerbaugh) *v.* Stephen T. Huber et al.
(6890)

Borden, O'Connell and Stoughton, Js.

Argued January 4—decision released April 18, 1989

*Daniel N. McLean,* pro hac vice, with whom was *Gordon M. Lucey,* for the appellant (defendant St. Labre Indian School Educational Association).

*Eugene C. Cushman,* for the appellee (named defendant).

*John J. Carta, Jr.,* for the appellee (plaintiff).

STOUGHTON, J. The defendant St. Labre Indian School Educational Association (St. Labre), residuary devisee and legatee under the will of the late Cleo M. Millerbaugh, appeals from the judgment rendered in an action brought for construction of the fifth paragraph of the will.

Millerbaugh died on August 25, 1979, leaving a will and first codicil that were duly admitted to probate. The plaintiff was approved as executor in accordance with the terms of the will, and he was given, in addition to other powers and duties, broad powers to sell at public or private sale real or personal property forming a part of the decedent's estate. In the fourth paragraph of her will, as amended by the codicil, Millerbaugh left bequests to her husband's children and to various other beneficiaries. In the fifth paragraph of the will, Millerbaugh directed that her house and its contents be sold, and it is the construction of that paragraph that gives rise to this appeal. The sixth paragraph of the will gave the residue of the estate to St. Labre.

The fifth paragraph of the will reads as follows: "FIFTH: If I own the house on Ferry Road in Old Saybrook, Connecticut, presently occupied by me as my home at the time of my death, I direct that said property (three acres, more or less), the house and outbuildings with all of their contents, lock, stock and barrel, be sold, preferably to someone who would appreciate its historical significance, but in any event to a buyer who meets with the approval of Celia Jacobs Stevenson, now or formerly of North Granby, Connecticut 06060.

"Stephen T. Huber of East Lyme, Connecticut, if he survives me, is to have first refusal to buy the property (three acres, more or less) and the house and outbuildings with all of their contents, lock, stock and barrel, at a price deemed reasonable to him; provided the price meets with the approval of Celia Jacobs

Stevenson. I direct that Celia Jacobs Stevenson be reimbursed for any expenses which she may incur as a result of this provision, and that she also receive a reasonable fee for her services."

Huber offered $70,000 for the house and contents, and Stevenson approved that amount. The executor moved for authority to sell the house and contents at private sale. The Probate Court, after notifying the interested parties and holding a hearing, denied the application. The reasons given for denial were that the fifth paragraph was ambiguous, particularly the words "first refusal," and that the intent to benefit the charitable beneficiary could not be ignored. The Probate Court noted that since the appraised value of the property was considerably higher than the proposed sale price, a sale would result in a considerable loss to the charitable beneficiary and the proposed sale should be denied. Because the Probate Court found an ambiguity in the fifth paragraph, it directed the executor to apply to the Superior Court for an interpretation of the will. Instead of doing so, the executor appealed to the Superior Court from the denial of his application for an approval of private sale. In dismissing the appeal, the Superior Court construed the will and held that the language in fifth paragraph concerning a right of first refusal was void for uncertainty. On appeal to this court, we affirmed the judgment of the trial court but we held that the Superior Court, exercising the limited statutory jurisdiction of the Probate Court on appeal, had exceeded its jurisdiction in construing the will since that construction was not merely incidental to deciding whether to authorize a sale. *Huber* v. *St. Labre Indian School Educational Assn.*, 4 Conn. App. 436, 494 A.2d 629 (1985).

The executor then instituted an action in the Superior Court seeking a construction of the fifth paragraph of the will. It is that action that is the subject of this

appeal. The trial court found no ambiguity or uncertainty in fifth paragraph. It concluded that the right of first refusal gave Huber an option to purchase the house and property at a price deemed reasonable to him with the approval of Stevenson, and that this was a very clear, concise and uncomplicated expression by the testatrix of the manner in which the price was to be fixed. This appeal by St. Labre, the residuary beneficiary, followed.

St. Labre claims in essence that the trial court erred (1) in failing to find an ambiguity in the fifth paragraph, (2) in failing to find that Stevenson had breached a duty imposed upon her by the will, (3) in refusing to conclude that the findings made by the trial court in *Huber* v. *St. Labre Indian School Educational Assn.,* supra, were res judicata, and (4) in concluding that the executor may consummate the sale without Probate Court approval. We find no error.

In an appeal from a decision construing a will, we must determine whether the conclusions of the trial court were correct. *Cornell* v. *Cornell,* 165 Conn. 376, 381, 334 A.2d 888 (1973). "The construction of a will presents a question of law to be determined in the light of facts which are found by the trial court or are undisputed or indisputable. *Spurr's Appeal,* 116 Conn. 108, 111, 163 A. 608 [1933]." *Wehrhane* v. *Payton,* 133 Conn. 478, 484, 52 A.2d 711 (1947); see also *Hershatter* v. *Colonial Trust Co.,* 136 Conn. 588, 596, 73 A. 97 (1950). When the facts have been found or are undisputed, nothing remains but for the trial court to exercise its legal judgment and " 'to draw its inference from the facts . . . . [I]n such a case the conclusion of the court can always be reviewed by the appellate court. An erroneous conclusion is an error of law and not an error in an inference of fact.' *Hayden* v. *Allyn,* 55 Conn. 280, 289, 11 Atl. 31 [1887]." *Davis* v. *Margolis,* 107 Conn. 417, 421, 140 A. 823 (1928).

The primary function and duty of the courts is to ascertain the intent of the testatrix and to carry it into effect. *Hartford National Bank & Trust Co.* v. *Thrall,* 184 Conn. 497, 502, 440 A.2d 200 (1981). The same or substantially similar expressions seldom occur in different wills, and in construing a will precedents are entitled to little weight where they do not involve precisely analogous testamentary language, used by testators surrounded by like circumstances at the execution of their wills. *Hartford National Bank & Trust Co.* v. *Harvey,* 143 Conn. 233, 243, 121 A.2d 276 (1956). Where the testatrix' intent is apparent, the courts will give effect to that intent even though it may not be expressed in formal legal language. *Mott* v. *Teagle Foundation, Inc.,* 156 Conn. 407, 412–13, 242 A.2d 739 (1968); *Dennen* v. *Searle,* 149 Conn. 126, 132, 176 A.2d 561 (1961). The words used by the testatrix are to be interpreted according to their ordinary meaning unless the context or circumstances indicate a different meaning. *Dei Cas* v. *Mayfield,* 199 Conn. 569, 572, 508 A.2d 435 (1986); *Keogh* v. *Jann,* 10 Conn. App. 183, 187, 522 A.2d 315 (1987); see *Hartford National Bank & Trust Co.* v. *Devitt,* 145 Conn. 384, 388, 143 A.2d 441 (1958); *Bankers Trust Co.* v. *Pearson,* 140 Conn. 332, 345, 99 A.2d 224 (1953); *Budington* v. *Houck,* 134 Conn. 72, 76, 54 A.2d 671 (1947). The intention of the testatrix is to be sought in the language used by the testatrix in light of the circumstances surrounding and known to her at the time the will was executed. *Hartford National Bank & Trust Co.* v. *Thrall,* supra. The court studies the entire will and seeks to determine the meaning of what the testatrix said, not to speculate upon what she meant to say. Id. If the testatrix has clearly expressed one intention, the court has no power to impute another to her. *Colonial Bank & Trust Co.* v. *Stevens,* 164 Conn. 31, 41, 316 A.2d 768 (1972); *Hoenig* v. *Lubetkin,* 137 Conn. 516, 523, 79 A.2d 278 (1951);

*Bronson* v. *Pinney,* 130 Conn. 262, 269, 33 A.2d 322 (1943). The court may not modify a will by construction in order to make it conform to its own opinion as to a more equitable distribution. *Travelers Bank & Trust Co.* v. *Birge,* 136 Conn. 21, 26, 68 A.2d 138 (1949). The question is what intention the testatrix has expressed in the will and absent any latent ambiguity, that intention is to be determined from the will itself without the use of extrinsic evidence. *Connecticut Junior Republic* v. *Sharon Hospital,* 188 Conn. 1, 19, 448 A.2d 190 (1982). " 'The language of the will is controlling. "When the purpose of the testator is reasonably clear by reading the words in their natural sense, 'we must not be deterred by the conjecture that some remote consequences were not in the testator's mind, or might not have been quite satisfactory to him, if he had thought of them.' *Holmes, J.,* in *Dove* v. *Johnson,* 141 Mass. 287, 290 [5 N.E. 520 (1866)]." *Anderson* v. *Bean,* 220 Mass. 360, 363, 197 N.E. 964 [1915].' *Travelers Bank & Trust Co.* v. *Birge,* [supra]." *Connecticut Junior Republic* v. *Sharon Hospital,* supra, 20.

The words used in the fifth paragraph of the will direct that the house and contents be sold to a buyer approved by Stevenson, preferably one who would live in the house and who would appreciate its historical significance. The intent is clearly expressed that Huber was to be given the opportunity to purchase the house and contents before they were offered to any other purchaser, and that the price he was to pay was to be a price that he himself deemed reasonable, provided that it met with the approval of Stevenson.

This intent could not have been expressed more clearly. If the testatrix had intended that Huber have the right to match any other offer, or any bona fide offer, she could have said so. She might have provided that the price be fixed by the fair market value, or the value as determined by a particular appraiser, or by

the assessed value, or be related to some such amount by some percentage or in some other manner. She did none of those things. She left it to Huber to decide what price seemed reasonable to him. As long as Stevenson approved the price, that was what Huber was to pay. The testatrix might have included some standard by which Stevenson was to decide whether to approve the price, but she did not. She chose to rely upon Stevenson's unfettered judgment, and she could do so if she wished. Moreover, as the trial court noted, "the very fact that the testatrix went to the trouble of establishing this special provision makes it clear that she contemplated that the price deemed reasonable to Huber with the approval of Stevenson might not be fair market value." We agree. This provision was put there for a purpose and we will not construe this will in a manner that would render it superfluous or meaningless. As long as the intent was clearly expressed, and did not bring about some unlawful result or violate public policy, a court is bound to carry it out.

The residuary beneficiary complains that the residuary estate is reduced if the property is sold for less than its fair market value. That is undoubtedly true, but the testatrix was free to give away the house and contents if she wished to do so which would have brought about an even greater reduction in the residue. We agree with the trial court that the fifth paragraph of the will is unambiguous.[1]

As to St. Labre's second claim, we also agree with the trial court that Stevenson carried out the duty imposed upon her by the will. She was not required to

---

[1] Because we find that the terms of the fifth paragraph are clear and unambiguous, it is unnecessary to discuss at length the claim of St. Labre that the trial court should have considered extrinsic evidence in construing the will. In construing a will, extrinsic evidence is admissible only where there is an ambiguity in the will. *Connecticut Junior Republic* v. *Sharon Hospital,* 188 Conn. 1, 9, 448 A.2d 190 (1982).

seek expert advice as to the value of the property simply because the testatrix provided that Stevenson should be reimbursed for any expenses she might incur.

St. Labre's third claim is that the trial court erred in concluding that the findings, made by the trial court in the appeal from probate, were not res judicata in the action before it to construe the will. In *Huber* v. *St. Labre Indian School Educational Assn., supra,* 440, we expressly stated that the trial court in that action had *"exceeded its jurisdiction* by construing the testatrix' will since that construction was not merely incidental to deciding whether to authorize a sale." (Emphasis added.) " 'It is an acknowledged principle of . . . every court in the world, that not only the decisions, but every thing done under the judicial process of courts, not having jurisdiction, are, *ipso facto,* void.' *Martin* v. *Hunter's Lessee,* 14 U.S. (1 Wheat) 304, 364 (1816); *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth,Inc.,* 180 Conn. 223, 229, 429 A.2d 478 (1980) (*Loiselle, J.,* concurring); *Marshall* v. *Clark,* 170 Conn. 199, 205, 365 A.2d 1202 (1976)." *Broaca* v. *Broaca,* 181 Conn. 463, 468, 435 A.2d 1016 (1980).

"Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. *Marshall* v. *Clark,* [supra]." *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 206, 440 A.2d 286 (1982). Accordingly, the findings made by the court in the appeal from probate were void and were not res judicata in the action for construction of the will. There is no merit to this claim.[2]

---

[2] We do not consider St. Labre's claim that the Superior Court in the appeal from probate had the power to construe the will. St. Labre, in effect, is asking us to reverse our decision in *Huber* v. *St. Labre Indian School Educational Assn.,* 4 Conn. App. 436, 494 A.2d 629 (1985), which we decline to do.

St. Labre's final claim is that the trial court erred in concluding that the executor might consummate the sale without the approval of the Probate Court.

The executor was given broad powers of sale under the will and was not required to seek Probate Court approval for a sale. Once having voluntarily initiated the judicial process, however, he was bound by the court procedure he invoked. *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 519, 429 A.2d 967 (1980). Under the facts of this case the plaintiff went as far as he could to seek Probate Court approval. His application for approval was denied and he was directed to seek construction of the will. Having done so, he should not be required to return to the Probate Court for approval. There is no merit to this claim.

There is no error.

In this opinion the other judges concurred.