[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal of a decision of the Branford Probate Court concerning the approval of an interim accounting (Exhibit B) of a trust fund established under Article V of the Last Will and Testament of Louis Weiner. On April 8, 1985 Louis Weiner executed his Last Will and Testament (Exhibit A) and on November 8, 1987 he died. He was survived by his son, James Weiner, who was the primary beneficiary of a trust established Under Article VI of said Will. James Weiner had one child, Todd Douglas Weiner, the plaintiff in this case, who was the beneficiary of a trust established in Article V of said Will. The trust established in Article V (hereinafter referred to as the Trust) was funded with a $50,000.00 bequest from the Estate of Louis Weiner. The purposes of said Trust was "To provide for Todd's health; care, support and maintenance; to meet any emergencies affecting him; to provide Todd with education including college, graduate or professional schools, and for any other purpose which in the discretion of the trustees appear to be in Todd's proper interest."
Article V(B) reads as follows:
 "B. In determining the advisability of distributing any income or principal out of this trust to TODD hereunder, my Trustees shall not be required to consider the extent of any other property or sources of income available to him other than this trust."
The trustees of the trust were the testator's son, James Weiner, and his two nephews, William N. Kauffman and Leonard R. Kauffman, all of whom testified in this matter.
James Weiner was married to Frances Lewis, and that marriage produced one child, Todd Douglas Weiner. The marriage ended in a divorce which was granted in the State of New York in 1982. James Weiner is a doctor who currently works as a pathologist for the State of Massachusetts. Frances Lewis is also a doctor specializing in internal medicine with a private practice in New York City. Under the terms of the aforesaid divorce, Dr. Weiner's obligations included the obligation for Todd's college education, private elementary and secondary education and summer camp as well CT Page 3023 as the payment of support until Todd is twenty-three years of age. Said support could terminate before that date if certain events occurred. (Exhibit D Article V).
James Weiner and Todd Weiner do not appear to have had a meaningful relationship for many years if, in fact, they ever really had one.
James Weiner and Frances Lewis although not divorced until 1982, had separated in 1975. The divorce was not amicable and, in fact, the terms thereof continued to be the subject matter of litigation for many years. There was testimony and the court finds that Louis Weiner was well aware of all the domestic problems which existed between his son and his daughter-in-law from the time such problems commenced until the time of his death. There was testimony which was not disputed that Louis Weiner paid some of his son's financial obligations under the terms of the aforesaid divorce relative to Todd. William N. Kauffman testified that Lewis Weiner was extremely concerned about his son's divorce litigation and the money which was expended relative thereto. There is no question from the testimony that Louis Weiner loved his son and grandson very much. There was testimony that after Louis Weiner's wife died, his nephews, William and Leonard Kauffman, with whom he had a close relationship, suggested that he should have a Will. As a result Attorney Steven L. Saltzman prepared a Will for Mr. Weiner which included the provisions of Article V. Both Leonard and William Kauffman testified that Louis Weiner was adamant that he did not want to give his grandson, Todd Weiner, an outright gift of $50,000.00 but that he wanted to ensure his grandson's college education. Both Kauffmans testified that Louis Weiner was very pleased with Article V because it insured his grandson's education was provided for and it indirectly helped his son James Weiner because it paid for an obligation that the latter was responsible for under the aforesaid divorce decree. There is no question that Louis Weiner's intent was to insulate his estate from the ongoing domestic litigation between Dr. Weiner and Dr. Lewis.
After the Article V Trust was established, Dr. James Weiner requested of William and Leonard Kauffman that the private high school costs for Todd be paid from the Trust. After much thought the Trustees denied this request as not being within the intent of the testator. In 1990 prior to the plaintiff's entering his first year of college the Trustees, other than James Weiner, sought and obtained a legal opinion from Attorney Steven L. Saltzman's office on whether the Trust could pay for the plaintiff's college education (Exhibit 6). After receiving this legal opinion the trustees sought the plaintiff's consent to use the Article V funds for his college expenses. This consent the plaintiff refused to give. Further at this time a New York State Court issued an order CT Page 3024 restraining the trustees from using Article V funds to pay for the plaintiff's college education. This restraining order was subsequently revoked in September 1990, and subsequent thereto the trustees made four monthly installments of $2,122.00 each to Stevens Institute of Technology, the college which the plaintiff is attending. These payments totalled $8,488.00. The acceptance of the interim accounting including these payments by the Branford's Probate is the issue presented to this court in this matter. It should he stated here that when making disbursement from said Article V Trust for Todd Weiner's college education and incidentals relative thereto, the trustee James Weiner did not participate in the decision on what expenses to pay.
The plaintiff also requested that the trustees purchase him a new automobile for $17,500.00 from said Trust. This request was denied by the trustees. The trustees also paid other sums out of the trust for the benefit of the plaintiff and at the request of the plaintiff. The payment of these sums which total $1,600.00 are not contested by the plaintiff.
Dr. James Weiner signed an escrow agreement (Exhibit 8) and funded it with $60,000.00 to be used by William N. Kauffman and Leonard R. Kauffman to defend their actions as trustees in the event said actions were contested by anyone.
William N. Kauffman and Leonard R. Kauffman both testified that they gave much thought and consideration before paying the plaintiff's college expenses including tuition, room, board and incidentals and they did so out of said Trust only because these were the purposes for which Louis Weiner intended that the funds be used.
The plaintiff claims (1) that the decision of the Probate Court be reversed (2) that the accounting filed by the trustees be disapproved in so far as the corpus of Article V is invaded to pay debts that are the legal obligation of James Weiner; (3) that the trustees Leonard R. Kauffman, William N. Kauffman and James Weiner be removed with respect to any rights, duties or obligations under Article V of the trust established by Louis Weiner, and (4) such other relief as the court deems just and equitable.
An abuse of discretion is the basis for action by the court and the question whether it has occurred depends necessarily upon the consideration of all relevant circumstances. Bridgeport v. Reilly, 133 Conn. 31, 37. The primary function and duty of the courts is to ascertain the intent of the testator and to carry it into effect. . . . Where the testator's intent is apparent, the courts will give effect to that intent. . . . The words used by the testator are to be interpreted according to their ordinary meaning unless the context or circumstances indicate a different CT Page 3025 meaning. Carr v. Huber, 18 Conn. App. 150, 155. If the testator has clearly expressed one intention, the Court has no power to impute another to her. IBID: The court may not modify a will by construction in order to make it conform to its own opinion as to a more equitable distribution IBID 156. In other words it is not what the court feels is most equitable when determining when the trust monies should be used and what they should be used for but what controls is the intent of the testator as to what the trust should be for and how it should be used. The well settled rule in this state is that the exercise of discretion by the trustee of a (spendthrift) trust is subject to the court's control only to the extent that an abuse has occurred under the powers granted by the testamentary disposition. Zeoli v. Commissioner of Social Services, 179 Conn. 83, 89. To determine the discretionary powers provided, it is necessary to ascertain the dispositive intention as expressed by the language of the entire will "in the light of the circumstances surrounding the testator when the instrument was executed, including the condition of his estate, his relations to his family and beneficiaries and the situation and condition. IBID To the extent to which the trustee has discretion, the court will not control his exercise of it as long as he does not exceed the limits of the discretion conferred upon him. The court will not substitute its own judgment for his. Even where the trustee has discretion, however, the court will not permit him to abuse the discretion. This ordinarily means that so long as he acts not only in good faith and from proper motives, but also within the bounds of a reasonable judgment, the court will not interfere; but the court will interfere when he acts outside the bounds of reasonable judgment. The Law of Trusts, Scott and Gratcher, Volume III #187 Control of Discretionary Powers page 14.
There is no question that the terms of the trust give the trustees wide discretion. The court heard testimony on the circumstances of the testator and the beneficiaries. There is no question that Louis Weiner was fully aware of his son's domestic litigation and further that he was very close to his nephews, William N. Kauffman and Leonard R. Kauffman and that he confided in them. The attorney who drafted the will for Louis Weiner testified at great length concerning the reason for certain provisions in said will including Article V thereof.
After hearing the evidence this court affirms the decision of the Branford Probate Court in accepting the interim accounting filed by the trustees regarding the trust established in Article V of Louis Weiner's Last Will and Testament. The court finds that the trustees did not in any way abuse their discretion while acting as such trustees and denies the plaintiff's request to remove them as trustees of said trust.
The language in Article V(B) in Louis Weiner's Last Will and CT Page 3026 Testament is quite clear. It is not ambiguous in any way. The provisions of Article V set forth the purposes of the Trust and grants to the trustees great discretion in distributing trust funds for the purposes set forth therein. This court finds that the trustees did not abuse their discretion in any way when distributing the aforesaid Trust funds to pay for the plaintiff's college education.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, JUDGE